ANDREW HENRY et al., executors,

v.

JAMES L. THOMPSON, administrator, &c.

[Submitted October 18th, 1910. Decided October 25th, 1910.]

1. Where all the parties to the assignment of the interest in an insurance policy were domiciled in New Jersey at the time of the assignment, the law of that state will govern the contract.

2. Though the general rule is that, where the interest in a husband's life insurance policy is to be payable to his wife, if living, otherwise to her children, the wife receives merely an interest, contingent on her surviving the insured, which cannot be assigned by her even with her husband's consent, yet, where the wife warranted the validity and sufficiency of the assignment of her interest with the express consent of her husband endorsed on the assignment, it would pass the wife's interest, though she died before her husband without children, the warranty estopping either her or her husband's personal representatives from asserting against the assignee their title arising from there not being any children.

On final hearing on bill, answer, replication and proofs.

The controversy in this case is over the proceeds of an insurance policy issued on the life of Frederick A. Prince. By the terms of the policy the company insured his life for the sole use of his wife, Mary L. Prince, and agreed

"to pay the amount of the said insurance at their office in the city of New York to the said assured for her sole use if living, and, if not living, to the children of Mary L. and Frederick A. Prince, or their guardian if under age, for their use, or, if there be no such surviving children, then to the executors or administrators of the said Frederick A. Prince in conformity with the statute of the State of New York."

The policy is dated February 7th, 1872. On February 12th, 1889, Mrs. Prince, the assured, executed an instrument in writing which is claimed by the defendant to be an absolute assignment of the said policy and the moneys to grow due thereon. That instrument is in the following words:

"For one dollar to me in hand paid, and for other valuable considerations (the receipt of which is hereby acknowledged) I hereby assign, transfer and set over all my right, title and interest in policy No. 25509 on the life of Frederick A. Prince, issued by the Washington Life Insurance Company of New York, to Sarah E. Moody, said policy being originally to Mary L. Prince, wife of Frederick A. Prince, of Jersey City, Hudson County, New Jersey; and for the consideration above expressed I do also for myself, my executors and administrators guarantee the validity and sufficiency of the foregoing assignment to the above named assignee, h.... executors, administrators and assigns, and their title to the said policy will forever warrant and defend. Dated at Jersey City, N. J., this 12th day of February, 1889. In the presence of C. C. Jewell. (Signed) Mary L. Prince."

Across the left-hand end of the paper upon which this so-called assignment was written appears the following:

"Assignment of wife's policy.
"I hereby consent to the assignment of the within policy by my wife. (Signed) Frederick A. Prince."

No children were ever born to Mr. and Mrs. Prince. After the execution of the alleged assignment Mrs. Prince died, leaving her husband surviving her. Subsequently Mr. Prince died. The executors of his will are the complainants in this suit. Mrs. Moody, the alleged assignee of the policy, died January 2d, 1907, prior to the death of Mr. Prince. The administrator of her estate is the defendant.

The manual execution and delivery of the alleged assignment were conceded, and no question was made concerning the consideration.

When the policy matured by the death of Mr. Prince the parties complainant and defendant executed releases to the company and surrendered the policy, whereupon the company paid the proceeds into a trust company as depository for whom it might concern.

*Mr. James A. Gordon,* for the complainant.

*Messrs. Hance & Miller,* for the defendant.

HOWELL, V. C.

At the argument the question was mooted whether the transaction under examination should be governed by the law of New York or by the law of New Jersey. The policy itself was issued in New York and was made payable there, and probably as between the company and the beneficiary it would be held to be a New York contract, but inasmuch as the company has discharged its obligation to the parties the question appears to be of no importance. It was likewise argued that the so-called assignment was governed by the law of New York for the reason that the policy was a New York contract. The evidence shows that all the parties were domiciled in New Jersey at the time of the assignment and in these circumstances the cases hold that the contract is governed by the law of this state. I refer to the case of *Cooper* v. *Philadelphia Worsted Co., 68 N. J. Eq. (2 Robb.) 622,* a case which relates to the passing of the title to tangible chattels; and to the case of *Miller* v. *Campbell, 140 N. Y. 457,* in which the court of appeals of New York held that the validity of an assignment of an insurance policy depended upon the capacity of the assignor to make it under the laws of the state in which he was domiciled. But inasmuch as the statutes of both New York and New Jersey permit the assignment of a life insurance policy by a married woman, this question does not appear to have any special importance.

The case then turns upon the legal effect of the instrument itself and the nature of the right, title and interest of the assignor in the policy. The general course of decision is to the effect that a policy of life insurance on the life of a husband

which is payable to the wife for her sole use, if living, and, if not living, to her children, or if there be no children, &c., gives to the wife merely a contingent interest, which is determined and ended by her death prior to the death of her husband, that a mere assignment of the policy by her, even with her husband's consent, would be of no avail, and that the contingency can only ripen into a certainty by her survival of her husband. This was held in *Herr* v. *Reinoehl, 209 Pa. 483; 58 Atl. Rep. 862; Bradshaw* v. *Mutual Life Insurance Co. of New York, 187 N. Y. 347; Knickerbocker Life Insurance Co.* v. *Weitz, 99 Mass. 157; Connecticut Mutual Life* v. *Burroughs, 34 Conn. 305.*

There are, however, two elements in this case which take it out of the more general rule, and they are—*first,* the intention of the parties as manifested in the instruments signed by them to make a complete disposition of the policy and insurance money, and, *second,* the guarantee made by Mrs. Prince of the validity and sufficiency of the assignment and the warranty of Mrs. Moody's title by her. It is familiar doctrine that if one conveys real estate with a covenant of warranty and the title turns out to be defective and the warrantor afterwards has cast upon him a good title, the warranty will estop him from asserting his good title as against his former grantee. The same rule applies to the warranty contained in the instrument signed by Mrs. Prince. If the title to the policy had subsequently become complete in her she would not be permitted to make it the foundation of a claim for the policy. *Kane* v. *Loder, 56 N. J. Eq. (11 Dick.) 268.* It may therefore be said that whatever right Mrs. Prince had or might at any time in the future have was transferred to Mrs. Moody by the assignment and warranty in question. There being no children of the marriage, the only persons who were or could be interested in the policy were Mr. and Mrs. Prince. His consent that she should make a simple assignment might not be sufficient to carry the title, but when he consented that she should not only transfer her right, title and interest, but should also warrant the title to the assignee, the conclusion must be that he disposed of his interest in the policy in his lifetime or permitted his wife to so dispose of it, and that therefore his personal representative takes nothing.

The result is that the decree must be in favor of the defendant, but before a decree is entered the trust company, which is the depository of the moneys in question, should be made a party to the suit in order that the decree may operate directly upon the fund in its hands. As the record stands now no decree could be made which would bind the trust company.