ADOLPH KAEMPFER, Respondent, *v.* TOMPKINS-KIEL MARBLE CO., INC., Appellant.

Contract — principal and agent — written agreement construed as appointing sales agent rather than as contract of sale — action thereon for refusal to take and pay for certain grade of merchandise cannot be maintained.

A written contract whereby the plaintiff's assignor appointed the defendant " sole sales agent of their Jura Yellow Light and Jura Yellow Dark [marble] in the United States, Dominion of Canada and Cuba," for a period of five years with the privilege of renewal for an additional five years, the agreement specifying a quantity to be taken each year " as required," and that in the event that the amount specified was not taken in any one year, the assignor had the right to cancel the contract, and giving the defendant the exclusive sale of the product in the territory mentioned, indicates that the defendant was constituted sales agent of the assignor, with the right to take specified amounts of marble during any one of the five years, and the privilege of exclusive sale within their territory and that the assignor had the right to cancel the agency in case a sufficient amount of marble was not taken. An action on the contract, therefore, for refusal and failure, by defendant, to take and pay for, during a period of years, a certain grade of marble, cannot be maintained.

*Kaempfer* v. *Tompkins-Kiel Marble Co.*, 215 App. Div. 758, reversed.

(Submitted March 29, 1926; decided May 4, 1926.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 31, 1925, which affirmed an order of Special Term denying a motion by defendant for a dismissal of the complaint.

The following question was certified:

" Does the complaint state facts sufficient to constitute a cause of action? "

*Maxwell C. Katz* and *Otto C. Sommerich* for appellant. The object of the agreement being the appointment of the defendant as sales agent of plaintiff's assignor, and the action not being based upon a failure on the part of the defendant to use its best efforts, the clause " quantity to be taken each year as required " is not to be interpreted as obligating the defendant to order the said quantity but is to be construed with the previous clauses as merely a ground of cancellation. (*Moran* v. *Standard Oil Co.*, 211 N. Y. 187; *Wood* v. *Duff-Gordon*, 222 N. Y. 88; *Champion Spark Plug Co.* v. *Automobile Sundries Co.*, 273 Fed. Rep. 74.) The purpose ₊of the agreement being to create the defendant sole agent, in the absence of language expressly imposing the obligation on the defendant to take a minimum quantity, the defendant is not liable. (*First Nat. Bank of Litchfield* v. *Jones*, 219 N. Y. 312; *Poel* v. *Brunswick-Balke-Collender Co. of N. Y.*, 216 N. Y. 310; *Woodruff* v. *Woodruff*, 52 N. Y. 53.) The expression " To be taken each year as required " is not to be construed as an obligation to take a minimum quantity. (*Schlegel Mfg. Co.* v. *Cooper's Glue Factory*, 231 N. Y. 459; *Vellie Motor Car Co.* v. *Kopmeier*, 194 Fed. Rep. 324; *Bailey* v. *Austrian*, 19 Minn. 535; *Higbie* v. *Rust*, 211 Ill. 33; *American Refrigerator Transit Co.* v. *Chilton*, 94 Ill. App. 6; *American Cotton Oil Co.* v. *Kirk*, 68 Fed. Rep. 791.)

*Charles S. Rosenschein* for respondent. The contract as a whole is " instinct with an obligation " on the part

of the defendant not merely to be an agent of the seller, but to purchase the minimum quantities per year. (*Hargraves* v. *Gordon*, 137 App. Div. 695; *Moran* v. *Standard Oil Co.*, 211 N. Y. 187; *Benedict* v. *Pincus*, 191 N. Y. 377; *Dixie* v. *Woods*, 168 App. Div. 337; *Fellows* v. *Fairbanks*, 205 App. Div. 271; *Wood* v. *Duff-Gordo* ·  ?22 N. Y. 88; *Edison El. Ill. Co.* v. *Thacher*, 229 N. Y. 172.) The contract in so many words provides for the purchase by the defendant of the quantities of marble stated. (*Moran* v. *Standard Oil Co.*, 211 N. Y. 196.) The provision for exclusive agency does not impair the obligation to purchase. (*St. Regis Paper Co.* v. *Hubbs*, 235 N. Y. 30; *Champion Spark Plug Co.* v. *Automobile Sundries Co.*, 273 Fed. Rep. 74.) The provision for cancellation in the event of defendant's default does not destroy plaintiff's right to an action for damages. (*Bernard* v. *Golden Date Mfg. Co.*, 187 App. Div. 542; 231 N. Y. 591; *White Furnace Co.* v. *Miller*, 131 App. Div. 559; *Bezer* v. *Hall Signal Co.*, 22 App. Div. 489; *Fairchild* v. *City & County Contract Co.*, 153 App. Div. 277; *Eyers* v. *Haddern*, 70 Fed. Rep. 648; *Diamond Match Co.* v. *Roever*, 106 N. Y. 473; *Feinstein* v. *Jacobson*, 161 App. Div. 121.)

CRANE, J. This action is upon a written contract which the plaintiff, respondent, interprets as a contract of sale. He, therefore, demands from the defendant $40,000 for refusal and failure to take and pay for during a period of years a certain grade of marble known as jura yellow. The defendant, appellant, construes the contract as one of agency with no obligation to purchase the quantities stated therein.

The motion upon the pleadings to dismiss the complaint brings up for consideration the meaning of this contract. It is, therefore, necessary to set forth the contract in full, to determine what the parties intended by it.

" NEW YORK, *Nov.* 25*th*, 1921.

" AGREEMENT

" Between

" Dr. Kaempfer & Company, Gliesmarode-Braunschweig, Germany

" and

" Tompkins-Kiel Marble Company, New York City, N. Y.

" In consideration of one dollars ($1.00) in hand paid receipt of which is hereby acknowledged, an agreement is entered into between the Dr. Kaempfer, Gliesmarode-Braunschweig, Germany, or his successors, and the Tompkins-Kiel Marble Company, New York City, N. Y. Whereby Dr. Kaempfer & Company appoint the Tompkins-Kiel Marble Company sole sales agents of their Jura Yellow Light and Jura Yellow Dark, which is quarried in Weissenburg, Bavaria, in the United States, Dominion of Canada and Cuba.

" PRICE:

" Rough quarried blocks $42.50 per cubic meter, including German export duty, FOB S/S Hamburg or Rotterdam.

" DURATION:

" This Contract to be in force for a period of five (5) years with the privilege of renewal if agreeable to both parties for an additional five (5) years.

" QUANTITY:

" In the event that the Tompkins-Kiel Marble Company do not order material as below mentioned the Dr. Kaempfer & Company have the right to cancel said contract at the end of each year in which this quantity is not taken.

" QUANTITY TO BE TAKEN EACH YEAR AS REQUIRED:

| | |
|---|---|
| 1st year | 750 cubic meters |
| 2nd " | 1,000 " " |
| 3rd " | 1,250 " " |
| 4th " | 1,500 " " |
| 5th " | 1,750 " " |

" TERMS:

" Four (4) months Trade Acceptance upon presentation of Bill of Lading and invoice.

" CONDITIONS:

" It is understood and agreed that the Tompkins-Kiel Marble Company will have the exclusive sale of this product in the above mentioned territory and the Dr. Kaempfer & Company will not sell directly or indirectly to anyone in the above mentioned territory.

" TOMPKINS-KIEL MARBLE COMPANY

" (sgd.) CHRISTIAN GEORGES, JR.,

" *Vice-Pres.*

" Accepted:

" MORRIS KAEMPFER

" Authorized Representative

" Witness to

" BOHUNNL W. SUDLO."

There would, of course, be no appeal and no dissents in the Appellate Division unless there were forceful reasons to sustain both contentions. Our decision, therefore, that the contract is one of agency means solely that the reasons for this view appear the more convincing to us. The plaintiff's assignor, Dr. Kaempfer & Co., appointed the defendant " sole sales agents of their Jura Yellow Light and Jura Yellow Dark in the United States, Dominion of Canada and Cuba." The contract is for a period of five years with the privilege of renewal for an additional five years. The agreement does more than specify the quantity which is to be taken each year; it refers to the quantity each year " as required." In the event that the number of cubic meters specified is not taken in any one particular year, the other party has the right to cancel the contract. The defendant was also given the exclusive sale of this product in the territory mentioned. All these facts indicate in our judgment that the defendant was constituted sales agent

of the Dr. Kaempfer & Co., with the right to take specified amounts of marble during any one of the five years, with the privilege of exclusive sale within their territory. The Kaempfer Co. had the right to cancel the agency in case a sufficient amount of marble was not taken.

This meaning of the agreement seems to us more reasonable than to suppose that the defendant absolutely bound itself for a period of five years to take the increasing number of cubic meters specified for delivery each year, with the privilege of renewal for five years longer.

The orders below should be reversed, with costs in all courts, and motion granted, with costs and ten dollars costs of motion.

The question certified should be answered in the negative.

Hiscock, Ch. J., Cardozo, Pound, McLaughlin, Andrews and Lehman, JJ., concur.

Ordered accordingly.