The defendant Travelers Insurance Company issued a group policy of insurance, No. C-3253, to the Bakelite Corporation (ExhibitC-1), under which Frank Kolarcik, an employe of the Bakelite Corporation, held a certificate of insurance, No. A-145, dated January 30th, 1939 (Exhibit C-2), in which the beneficiary named is the employe's son, Louis Kolarcik. The policy (ExhibitC-1) contains a provision in paragraph six as follows:
"Change of Beneficiary: Any employe insured hereunder may designate a new beneficiary at any time by filing with the Employer a written request for such change on forms furnished by the Company. but such change shall become effective only upon receipt of such request at the Home Office of the Company."
On June 5th, 1940, the insured Kolarcik died. His last illness evidently began on May 26th, 1940, when he was removed to the Mountainside Hospital in Glen Ridge, New Jersey, where he remained until the day of his death. Prior to entering the hospital he had resided and boarded with the complainant. On May 31st, 1940, the complainant visited the decedent at the hospital where she alleges he instructed her to prepare, or have prepared, a written change of beneficiary in his aforesaid policy in her favor. On the day following, June 1st, 1940, she alleges that she and her daughter called at the hospital and the decedent then signed a written statement prepared by her daughter as follows: "I hereby request that the beneficiary on my policy The Travelers Life Ins. Co., No. A-145, issued to Bakelite Corp. be changed from my son (Louis) to Mrs. Katherine Koczot."
On June 3d 1940, the complainant went to the Bakelite Corporation's plant in Bloomfield, saw its representative in charge of personnel and gave him the writing. The following day, June 4th, 1940, the Bakelite Corporation's personnel manager, Rugen, who was the insured's foreman, with the complainant's then solicitor, Jacob K. Beron, visited the insured with the object of having him sign the form for a change of beneficiary "furnished by the company." The insured's condition of illness then was such that he was unable *Page 108 
to sign the change of beneficiary form "furnished by the company." (Exhibit D-3.) He died the following day, June 5th, 1940.
The complainant instituted this suit to recover the proceeds due under the certificate of insurance. The defendant Travelers Insurance Company, filed an answer and a counter-claim. The answer, in general, puts complainant to her proof. Its counter-claim is in the nature of a bill of interpleader. The defendant Louis Kolarcik, decedent's son, is and has been in Poland. A decree pro confesso was entered against him but it subsequently was reopened. He then caused an answer to be filed alleging that the insured had not substantially complied with the requirements of the policy and consequently no change of beneficiary was effected. His answer also attacks the validity of the attempted change on the ground of lack of capacity and undue influence.
The circumstance under which the "informal" request for a change of beneficiary was obtained by the complainant at the beside of the decedent when he apparently was seriously ill, is not commendable. No witnesses, other than the complainant and her daughter, and the daughter's husband, appear to have been present when the "informal" request was allegedly signed by the decedent. It was submitted to the Bakelite Corporation's representative and shop foreman, Rugen.
The stories of the witnesses produced at the hearing varied. The evidence that the decedent wished to substitute the complainant in the place of his son as beneficiary is contradictory; it is not precise, clear or convincing. The decedent was Polish. He spoke very little English. He was a heavy alcoholic drinker and was charged as being an habitual drunkard.
The complainant was the beneficiary of proceeds of other policies of insurance on the life of the decedent; and she collected the proceeds due thereunder.
Jacob K. Beron, at the hearing, withdrew as complainant's counsel, and Alexander Seclow was, by order, substituted as solicitor in his place. Beron then testified for the complainant. He said that he asked the decedent whether he wanted complainant to get the money due under his policy, *Page 109 
and that decedent thereupon replied in the affirmative. He then asked the decedent whether he wanted his son to get the money and the decedent replied in the affirmative. Beron's testimony, as aforesaid, was confirmed by the witness Rowbotham. The decedent's answers to Beron's questions indicate a lack of understanding and an inability to give an intelligent decision.
The issue involved in the instant case is not new. Our courts have frequently considered and decided questions similar to the one here in controversy. The rules applying are summarized in the quotations from the cases hereinafter cited.
While a beneficiary's interest in a policy of insurance is subject to revocation, he, however, at all times maintains the right to attack a voidable change in favor of another. Papp v.Metropolitan Life Insurance Co., 113 N.J. Eq. 522;167 Atl. Rep. 873.
In Prudential Insurance Co. v. Mantz, 128 N.J. Eq. 480;17 Atl. Rep. 2d 279, this court said:
"The policies in question provide the manner in which a change of beneficiary may be effected. There is no doubt that the direction in the policy to effect a change of beneficiary was not followed by the decedent, or by those who allegedly undertook to act for him."
And:
"Assuming that it was the intention of the decedent to change the beneficiary, nevertheless, the beneficiary mentioned in the policies of insurance has the right and the privilege of insisting upon a compliance with the terms of the policies to effect a change. Prudential Insurance Company of America v.Swanson, 111 N.J. Eq. 477."
In order to establish a change of beneficiary in a policy of insurance the provisions of the policy to effect the purpose must be observed. On that question our courts have said: "As a general rule, the interest of an individual designated as beneficiary in a policy of insurance is a vested property right, payable to him if he outlives the insured, which right can only be divested by the insured making a change in beneficiary in the manner provided by the policy contract." Prudential Insurance Company ofAmerica v. Swanson, 111 N.J. Eq. 477; 162 Atl. Rep. 597. *Page 110 
The policy of insurance in the present case (Exhibit C-1), specifically states the manner in which a change of beneficiary may be effected. The method there provided was not followed by the insured decedent. The complainant presented the writing prepared by her daughter and allegedly signed by the decedent to the Bakelite Corporation. That corporation, assuming to carry into effect the alleged request, by its representative, attempted, in the presence of complainant's then counsel, Beron, to have the decedent sign the form "furnished by the company" as required by the policy (Exhibit C-1). The decedent did not sign it.
The change of beneficiary would be effected and have become a part of the policy of insurance only when the form "such request" was received "at the Home Office of the Company." The company never received the decedent's request for a change at its "Home Office" (Exhibit C-1, paragraph 6). Papp v. MetropolitanLife Insurance Co., supra.
Under all the circumstances, I feel that the complainant's claim to the moneys due under the policy of insurance must fail. The decedent's son, Louis Kolarcik, named as beneficiary, is entitled to the proceeds due under the policy. *Page 111