This is an interpleader suit brought by the Metropolitan Life Insurance Company who insured Michael Ondo, an *Page 337 
employee of the Lehigh Valley Railroad Company, under a group or master policy issued to its employees under the terms of which group or master policy there was issued to Michael Ondo his individual certificate. The certificate was for the sum of $500 and carried with it an additional benefit in an additional sum of $500 in the event of death by accidental means. Ondo met his death January 5th, 1944, by accidental means.
By decree of this court the sum of $1,000 has been paid into court and the contest is now between two claimants, Mary Ondo the widow of Michael Ondo, and Elizabeth Dinzik, each of whom have filed claim to the money.
Mary Ondo is the beneficiary named in the certificate of insurance. Elizabeth Dinzik claims the right to the fund upon the ground that Ondo in his lifetime changed the beneficiary in a paper prepared by a notary public which reads:
"Michael Ondo. of legal age and understanding. Personally appeared befor me a Notary Public of New Jersey. And deposeth and says. That he is the assured under Metropolitan Life Insurance of Co. New York, Policy Serial 4625. Group — No. 8585 — G.L.H.D. In which one Mary Ondo is named Beneficiary. The said Michael Ondo. further State. is desireous of changeing. and does change his beneficiary of the aforsaid Policy to read Elizabeth Dinzik. 246 Ferry St. Newark N.J. and not as heretofor.
MIKE ONDO (LS)
Sworn to and subscribed this 20th Day of February 1943.
 ERNEST W. HARTOUGH Notary Public of New Jersey My Commission Expires June 19, 1944
Witness ALEXANDER MOSCIAKI."
The group or master policy provides in section 14:
"Change of Beneficiary. — Any Employee insured hereunder may, from time to time, change the Beneficiary designated in his certificate by filing written notice thereof with the Employer accompanied by the certificate of such Employee. Such change shall take effect upon endorsement thereof by the Employer on such certificate and unless the certificate is so endorsed, the change shall not take effect. After such endorsement, the change shall relate back and take effect as of the date the Employee signed said written notice of change, whether *Page 338 
or not the Employee is living at the time of such endorsement, but without prejudice to the Insurance Company on account of any payment made before receipt of such written notice."
The certificate issued to the insured also provides for change of beneficiary in the following language: "The Employee may change his Beneficiary at any time upon written request accompanied by this certificate for endorsement."
At the time of the death of Michael Ondo, Elizabeth Dinzik was in possession of the certificate. No notice in writing was ever filed with the employer, nor did Elizabeth Dinzik proceed to have the change of beneficiary noted on the records of the Lehigh Valley Railroad Company nor present the certificate to the Company for the purpose of having the change of beneficiary noted thereon by it. The certificate provides that the insurance evidenced by it "is provided under and is subject to all of the provisions of the Group Policy."
Under well settled law the person designated as beneficiary in a life insurance policy acquires a vested property right of which he cannot be divested, except in the manner provided for in the policy. The widow of the deceased has the right to insist upon strict compliance with its terms respecting a change of beneficiary. Under certain circumstances, not here present, the insured would be excused from strict compliance with the provisions of the policy if he were able to convince the court that he had done everything within his power to effect a change and had made every reasonable effort to comply with the conditions provided therein for a change of beneficiary. Here, the case is devoid of any evidence that the insured filed request in writing to the employer to effect a change of beneficiary and accompanied such request with the certificate for endorsement by the employer for which reason no change of beneficiary in the instant case was accomplished. Prudential Insurance Company ofAmerica v. Swanson, 111 N.J. Eq. 477; 162 Atl. Rep. 597.
Present decree in accordance herewith. *Page 339