The issue in this case is whether a loan, collateralized by life insurance policies on the life of the borrower and satisfied from the proceeds thereof by the lender upon the death of the borrower, is recoverable by the beneficiary under the policies from the estate of the borrower as a debt to be paid out of the general assets of the estate, or whether the beneficiary is only entitled to the net proceeds of the insurance. The precise question does not appear to have been considered in any reported case in this state.
Arthur Phillips, the decedent, owned three life insurance policies, which were payable to the executors of his estate and contained the familiar clause reserving the right to change the beneficiary. He had borrowed from the insurance companies against these policies, until in September, 1938, the loans, with accrued interest of 5 per cent. in one company and 6 per cent. in the other, amounted to approximately $20,000. On September 2, 1938, Phillips entered into an agreement with the plaintiff, Fidelity Union Trust Co., creating a trust, designating the plaintiff as trustee. The insurance policies were included in the trust and decedent changed the beneficiary to the plaintiff as trustee under the trust agreement.
Some months thereafter, on May 31, 1939, the decedent obtained a loan in the sum of $20,300 at interest of 3 per cent. from the Harrison National Bank, Harrison, New Jersey to take up the insurance company advances. The bank loan was evidenced by decedent's demand promissory note and secured by an assignment of the life insurance policies. Accompanying the note was an agreement which provided:
"Said bank shall receive and apply on the indebtedness secured by said assignment all sums paid under said policy at any time. Any balance remaining after said indebtedness has been fully paid shall be paid by the bank to the party or parties who would have *Page 532 
been entitled to receive such amount from the insurance company had said assignment not been executed, no party interested in said policy shall, on account of the application of any of the proceeds of said policy on said indebtedness, have the right to contribution or reimbursement from any party or to be subrogated to the rights of the bank in any other collateral."
To accomplish the transaction, the insured changed the beneficiary to his executors, administrators and assigns. After the assignment to the bank, he reinstated the plaintiff trustee as beneficiary, subject, however, to the prior assignment to the bank.
Phillips died on January 27, 1946, and his will was duly probated. It provided that "all my just debts and testamentary expenses, exclusive of obligations or debts secured by mortgages upon real estate, be paid by my executors hereinafter named as soon after my decease as it by them be found convenient." The bank collected the proceeds of the insurance policies in the sum of $68,664.39, deducted the sum of $20,528.40 in payment of the principal and interest due on decedent's note and remitted the balance to the plaintiff. The plaintiff filed a claim with the executors of decedent's estate for the sum retained by the bank in satisfaction of the note, which they refused to pay, wherefore this action was brought.
A clear distinction is drawn between a loan made by an insurance company to an insured against a life policy, and a collateral loan made by a third party secured by an assignment or pledge of the policy on the life of the borrower. The former "is not a loan in the strict technical sense, for there is no obligation of repayment on the insured, but rather an advancement on the cash value of the policy, the repayment of which will reinstate the depleted insurance without the issuance of a new policy and the submission of evidence of insurability. A `loan' by the insurer in such circumstances does not give rise to the relationship of debtor and creditor." David v. Metropolitan LifeInsurance Co., 135 N.J.L. 106 (Sup. Ct. 1947); affirmed,136 N.J.L. 195 (E. A. 1947). Mr. Justice Holmes declared inBoard of Assessors v. New *Page 533 York Life Insurance Co., 216 U.S. 517, 30 Sup. Ct. 385,54 L.Ed. 597 (1910), "This is called a loan. It is represented by what is called a note which contains a promise to pay the money. But as the plaintiff (insurance company) never advances more than it already is absolutely bound for under the policy, it has no interest in creating a personal liability, and therefore the contract on the face of the note goes on to provide that if the note is not paid when due, it shall be extinguished automatically by the counter credit for what we have called the reserve value of the policy. In short, the claim of the policy holder on the one side and of the company on the other are brought into an account current by the very act that creates the latter. The so-called liability of the policy holder never exists as a personal liability, it never is a debt, but is merely a deduction in account from the sum that the plaintiffs ultimately must pay." Therefore, when an insurance company advances to an insured a sum of money against his policy, and upon the death of the insured retains the amount required to satisfy the "loan" or advance, the beneficiary named in the policy is not entitled to recover from the estate of the insured the amount by which the insurance had been depleted by borrowings by the insured upon the policy.Wagner v. Thieriot, 203 App. Div. 757, 197 N.Y. Supp. 560; affirmed, 236 N.Y. 558, 142 N.E. 295 (Ct. App. 1923). Inre Hayes' Will, 252 N.Y. 148, 152 N.E. 120 (Ct. App.
1929). Re Waldsburger, 78 Colo. 516, 242 Pac. 582,45 A.L.R. 518 (Sup. Ct. 1926).
Where, however, a loan is made by a third party to an insured on a note secured by an assignment or pledge of a life insurance policy, and the amount of the loan is, upon the death of the insured, satisfied from the proceeds, the beneficiary's right of subrogation to the pledgee's claim against the insured's estate for the amount of the debt depends on the particular facts and circumstances of the case and the intention of the insured to be gathered therefrom. In such an instance, the relationship of debtor and creditor exists. The borrower is personally liable for payment of the debt and upon his death the creditor may file a claim against the *Page 534 
estate. The equities in the policy may not equal the amount of the loan; there may be other collateral, or endorsers or guarantors may be involved. Depending on the facts in each particular case, beneficiaries under policies have been permitted to be subrogated to the rights of the creditor or denied such right. Matter of Kelley, 289 N.Y. Supp. 1079; affirmed,276 N.Y. 689. In re Jones' Estate, 81 N.Y. Supp.2d 386 (Sur.Ct. 1945). In re O'Meara, Id. 388. In re Vanhoesen's Will,Id. 392. Notes, 83 A.L.R. 77 and 160 A.L.R. 1395.
In the instant matter, it seems apparent that it was the intention of the decedent that the beneficiary be entitled only to the net proceeds of the insurance without the right of subrogation against the estate for the amount of the loan deducted from the insurance proceeds. At the time of the execution of the trust agreement when the plaintiff was first designated as beneficiary under the policies, they had been charged with the amounts which the insurance companies had "loaned" to the decedent. When the decedent obtained the loan from the bank and applied the proceeds to the liquidation of the "loans" from the insurance companies, he did not intend to increase the rights of the plaintiff in the policies, but merely to reduce the interest rate. Moreover, decedent's redesignation of plaintiff as beneficiary was expressly subject to the prior assignment to the bank. He thereby constituted the bank as the primary beneficiary to the extent necessary to satisfy its loan and the plaintiff as secondary beneficiary as to the residue. Inre Kelley's Estate, 296 N.Y. Supp. 923, 251 App. Div. 847
(1937). In re Lamport's Estate, 71 N.Y. Supp.2d 414 (Sur.Ct. 1947). Froman v. Froman's Executors, 293 Ky. 1,168 S.W.2d 361 (Ct. App. 1932). Subrogation which is an equitable doctrine does not operate in favor of the plaintiff under the circumstances hereof. Camden Trust Co. v. Cramer,136 N.J. Eq. 261 (E. A. 1945).
Judgment accordingly. *Page 535