**PHŒNIX MUT. LIFE INS. CO. v. CONNELLY et al.**

No. 10333.

United States Court of Appeals Third Circuit.

Argued Feb. 21, 1951.

Decided April 6, 1951.

---

Before McLAUGHLIN, KALODNER and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

This is a controversy between the beneficiary of a life insurance policy and a person to whom the insured had assigned the policy as collateral for a loan. The insured died, leaving the loan unpaid. The assignee claims an amount sufficient for repayment. The contending beneficiary is the widow of the insured who after the assignment became a substituted beneficiary, through exercise of the power to change the beneficiary reserved in the policy to the insured. She claims the entire amount of the proceeds on the theory that she acquired a "vested interest" which had not been affected by the assignment. The insurance company interpleaded the two claimants.

The district court concluded, 92 F.Supp. 994, as a matter of law, that the written assignment upon which the claim of the assignee was based did not affect the vested right of the beneficiary; that by the assignment the assignee acquired nothing more than the interest of the insured in the policy of insurance, and that inasmuch as the insured's right was contingent upon his survival of the beneficiary, the assignee took nothing.

The pertinent provisions of the insurance policy read as follows:

"Assignments. The Company assumes no responsibility for the validity of any assignment hereof and shall not be held to have notice of any assignment of this policy until the original assignment, or a copy thereof is received at its Home Office."

"Beneficiary Provisions. Unless otherwise provided herein, upon the death of any beneficiary hereunder during the lifetime of the insured, any interest of such beneficiary shall revert in equal shares to any surviving beneficiaries then designated hereunder, but if there be none to the insured or assigns. If the insured has reserved the right to change the beneficiary hereunder and such fact is recorded on this policy, the insured, if of legal age, may, whenever and as

often as he likes, change any beneficiary designated herein by filing at the Home Office of the Company a written notice thereof, duly executed and accompanied by the policy for record of the change thereon by the Company."

"Rights of Insured. If the right to change the beneficiary has been reserved to the insured, an assignment, release or surrender of this policy or any interest therein by the insured, if of legal age, shall operate to the extent thereof to assign, release or surrender the interest of any and all beneficiaries hereunder."

 The contract of insurance was entered into in New Jersey and the assignment took place there. We, therefore, look to the law of that state for the solution of this problem.[1]

 Sullivan et al. v. Maroney et al., 1909, 76 N.J.Eq. 104, 73 A. 842, 844, affirmed, 1910, 77 N.J.Eq. 565, 78 A. 150 is the fountainhead of a long line of cases which hold that under New Jersey law a beneficiary takes a vested interest[2] in a life insurance policy notwithstanding the reservation of the right in the insured to change the beneficiary, and that where a policy stipulates the way in which the beneficiary may be changed, that procedure must be followed in order that the interest of the original beneficiary may be divested. The Sullivan case spells out the doctrine that "There [are] * * * two sets of interests in [a] policy—the beneficiaries [sic] * * * and the representatives [sic] of the insured * * *. Each of these interests [may be] subject to assignment. Neither one [can] * * * assign anything excepting that which [will] come to that one, and the assignment of neither [can] possibly impinge upon the rights of the other".

 However, it is equally important and as clearly recognized by the courts of New Jersey that primary definition and delimitation of the interest of the beneficiary must be found in and measured by the terms of the contract of insurance out of which solely his rights arise.[3] Therefore, in this case in order to determine whether the insured exercised rights and affected interests which were his or whether he ineffectually attempted to exercise rights and affect interests belonging to the beneficiary, we must look to the terms of the policy. Under the heading "Rights of Insured", we find the agreement that "an assignment * * * of [the] policy or any interest therein by the insured * * shall operate to the extent thereof to assign * * * the interest of any and all beneficiaries" if the "right to change the beneficiary has been reserved by the insured." [4]

1. Restatement, Conflict of Laws, (1934) §§ 348, 350, Barbin v. Moore, 85 N.H. 362, 159 A. 409, 83 A.L.R. 62, New York Life Ins. Co. et al. v. Dunlevy, 9 Cir., 1914, 214 F. 1. Compare Henry et al. v. Thompson, 1910, 78 N.J.Eq. 142, 78 A. 14, reversed on another point in 1911, 79 N.J.Eq. 200, 81 A. 840.

2. Several of the cases term the beneficiary's interest a "vested property right". Metropolitan Life Ins. Co. v. Woolf, 1946, 138 N.J.Eq. 450, 47 A.2d 340; Prudential Insurance Co. of America v. Swanson, 1932, 111 N.J.Eq. 477, 162 A. 597; Prudential Insurance Co. v. Deyerberg et al., 1927, 101 N.J.Eq. 90, 137 A. 785.

3. "A life insurance policy is a contract between the insurer and the insured; and it is to be construed and enforced according to the common intention of the parties as expressed in the writing and the provisions incorporated therein by force of statute law, which latter ordinarily also derive their efficacy from the consent of the parties, as evidenced by their acceptance of the contract as so conditioned. And the interest of the appointed beneficiary arises out of the contract of insurance, and is perforce measured by its terms." David v. Metropolitan Life Ins. Co., S.Ct. N.J. 1947, 135 N.J.L. 106, at page 109, 50 A.2d 651, at page 652.

4. Only one case has been found construing this exact phrase. In Fisher & Co. v. Phoenix Mutual Life Insurance Co., 1932, 15 Tenn.App. 502, it was held that assignment, under an identical policy, was a method of changing the beneficiary and that since, in that case, the provision for executing a valid assignment had been literally complied with and "the policy provides that this shall be effective to change the beneficiary to the assignee" the assignee prevailed. We reject this thesis since we do not read the policy to provide that assignment is but one method of changing the beneficiary.

This language clearly indicates an intention to reserve to the insured the power to alter both his interests and those of the beneficiary, whatever they might be, by assignment of the policy.[5] The instrument which creates the beneficiary's interest creates it subject to this power.

The New Jersey "vested interest" concept of the beneficiary's status is not incompatible with this contractual arrangement.[6] The New Jersey courts recognized that the reservation of the right to change beneficiaries is not sufficient to prevent the beneficiary's interest from being vested. Yet, the right to change beneficiaries itself is nothing more than a power of defeasance in the insured which he may exercise over the beneficiary's vested interest. The reservation in the policy of additional rights to the insured simply subjects the interest of the beneficiary in and from its inception to additional powers of defeasance. It does not change the "vested" character of the beneficiary's interest.[7]

But whatever the nature and status of the beneficiary's interest may be conceptually, it is argued that the judge made law of New Jersey recognizes only one way of defeating a beneficiary's claim, namely, a formal change of beneficiary. We think the New Jersey cases are not so sweeping. In the cases, general language of which is relied upon for the stated proposition, the problem was whether an insured who attempted to change the beneficiary had complied with the requirements of the policy for so doing.[8] There was no question of the relation of the rights of an assignee to the rights of a beneficiary. We do not regard these cases as controlling here or even as indicative of what the courts of New Jersey would hold in this situation. To the contrary, we are confident that those courts would respect the terms of a specific contract of insurance, which affirmatively provide for diminution of the beneficiary's interest through assignment of the policy.[9]

5. The following is a paragraph from the policy form used by some other insurance companies. It spells out in more detailed fashion the rights of the parties. If it is somewhat clearer than the provision now before us, it still is not substantially different in purport or effect.

"Rights Under Policy—If the right to change both the Beneficiary and contingent Beneficiary, if any, has been reserved, the Insured alone may exercise all rights, privileges, or options granted by this Policy. If the right to change any Beneficiary or any contingent Beneficiary has not been reserved, any such right, privilege, or option * * * may be exercised by the Insured only with the consent of such Beneficiary or contingent Beneficiary. If this Policy is assigned, the rights the Insured and the Beneficiary and any contingent Beneficiary would otherwise have are subject to the rights of the assignee of record".

6. "A power is a liberty or an authority which operates upon a vested estate or a vested interest, not being derived out of such estate or interest but overreaching or superseding it". Burlington County Trust Co. v. Di Castelcicala et al., 1949, 2 N.J. 214, 66 A.2d 164, 168. "A power has also been defined as an authority enabling one person to dispose of the interest which is vested in another". 41 Am. Jur. 806.

7. The appellee urged that under New Jersey law, the vested property right of the insured can be divested only by a change of beneficiary in the mode and manner prescribed by the contract. Several cases recite that language. But, in each case, the insured sought to change the beneficiary but in some way fell short of complying with the requirements of the policy for so doing. There were only two provisions of the respective policies considered pertinent enough for citation in the opinions. Those two provisions, in each case, provided merely for change of beneficiary in a described manner and for assignment of the policy. See Metropolitan Life Ins. Co. v. Dinzik et al., 1948, 141 N.J.Eq. 336, 57 A.2d 247; Prudential Ins. Co. of America v. Mantz, 1941, 128 N.J.Eq. 480, 17 A.2d 279; Prudential Ins. Co. of America v. Swanson et al., 1932, 111 N.J.Eq. 477, 162 A. 597.

8. Metropolitan Life Ins. Co. v. Dinzik et al., supra, Prudential Ins. Co. of America v. Mantz, supra, Prudential Ins. Co. of America v. Swanson et al., supra.

9. Such provisions are deliberately designed to accomplish a desired result. In Papers presented before the Association of Life Insurance Counsel (1929) Vol. IV, pp. 204 & 205, there appears this excerpt by Benjamin L. Holland, Attorney for the Mutual Life Insurance Company:
"* * * In view of the decided cases,

■ The district court was in error, therefore, when it concluded, as a matter of law, that the written assignment upon which the claim of the assignee was based did not affect the vested right of the beneficiary and that by the assignment the assignee acquired nothing more than the interest of the insured in the policy of insurance which was contingent upon his survival of the beneficiary. The assignment did more than pass the interest of the insured. The act of assignment was the exercise of a power reserved to the insured by the terms of the contract to affect both his rights and those of the beneficiary. Both were subordinated to the rights of the assignee.

In order that this case may be finally determined on this appeal, appellant has asked that we decide whether the proceeds of the policy are exempt from the claim of the assignee under the special statutory protection afforded beneficiaries who are married women by Title 17, Chapter 34, Section 29 of the New Jersey Revised Statutes.[10] Even though this type of exemption statute is a common enactment among the various states, there is a dearth of opinion on the applicability of the statute to an assignee-creditor of the insured. The only question much discussed in the New Jersey cases is whether the payment of premiums by an insolvent insured on a policy payable to, or for the benefit of, his wife and children is fraudulent as to creditors.[11]

■ We recognize and respect the legislative purpose of this statute and others like it to assure that the provision which a man by his life insurance has made for the support of his wife and children after his death shall receive substantial protection against the claims of his creditors, G. P. Farmer Coal & Supply Co. et al. v. Albright, 1919, 90 N.J.Eq. 132, 106 A. 545. Yet, consistent with such respect, the Superior Court of Pennsylvania, in construing a similar Pennsylvania statute, has held that the essential scope of the act is the protection of the proceeds of a policy payable to the widow after the insured's death against the claims of general creditors of the estate. "It does not limit the powers of the insured during his lifetime, nor may it be invoked against an assignee-creditor who attempts to realize on his security". Lemley v. McClure, 1936, 122 Pa.Super. 225, 185 A. 878, 881. We believe this analysis is sound.

the problem of assigning policies where the insured has reserved the right to change the beneficiary may be met in the following ways:

"1. The insured and the beneficiary may both join in the assignment. * * *

"2. The insured may change the beneficiary of his policy to his estate and then proceed to make an assignment. * * *

"3. The third method of meeting this problem is that the companies may include in their policies a provision to the effect that if the insured has reserved the right to change the beneficiary, the insured may, without the consent of the beneficiary, assign the policy, including the interest of the beneficiary".

The third method was employed here. Compare Fidelity Union Trust Co. v. Phillips et al., 1949, 5 N.J.Super. 529, 68 A.2d 574, where the second suggested method above was employed. There in order to use the policies as collateral for a loan, the insured changed the beneficiary to his executors, administrators and assigns, assigned the policies as security for the loan, and then reinstated the original beneficiary subject to the prior assignment to the bank.

10. "Policies to inure to benefit of married woman

"Every policy of life insurance made payable to or for the benefit of a married woman, or after its issue assigned, transferred or in any way made payable to a married woman, or to any person in trust for her or for her benefit, whether procured by herself, her husband or by another person, and whether the assignment or transfer is made by her husband or by another person, shall inure to her separate use and benefit, and to that of her children, according to the terms and provisions of the policy or assignment, subject to the foregoing provisions relating to premiums paid in fraud of creditors".

11. E.g., Goren v. Loeb et al., 1938, 124 N.J.Eq. 335, 1 A.2d 861; Borg et al. v. McCroskery et al., 1936, 120 N.J.Eq. 80, 184 A. 187; Lanning v. Parker et al., 1915, 84 N.J.Eq. 429, 94 A. 64.

■ Moreover, the appellee had no interest in the policy at the time of the assignment. The original beneficiary was insured's daughter. Appellee was substituted as beneficiary after the assignment. In construing the Massachusetts statute (G.L.Mass., 1932) c. 175, § 126, which is almost identical in language with the one before us, the highest court of that state held that it was not the purpose of the statute to protect persons in the defendant's position—a substituted beneficiary and insured's widow—against persons who had acquired equitable rights in the policy itself before she acquired any rights in it. "[The statute] would not, we think, be fair and reasonable if it had the effect of depriving a party of an equitable right or title acquired in the policy before the married woman became a beneficiary without making any provision reimbursing such party in any way for the cost of acquiring that interest. A married woman is not in general allowed to take property of her husband free of encumbrances, charges, and trust interests honestly acquired in his lifetime by third parties". Massachusetts Linotyping Corp. v. Fielding, 1942, 312 Mass. 147, 43 N.E.2d 521, 524. By parity of reasoning, the New Jersey statute does not help the widow here.

For the reasons set out above, the judgment below will be reversed with directions that judgment with costs be entered for appellant.