107 N.J. Super. 570 (1969)
259 A.2d 504
DOLORES E. NOVERN, PLAINTIFF,
v.
JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, DEFENDANT AND THIRD-PARTY PLAINTIFF,
v.
CHRISTEL NOVERN, THIRD-PARTY DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided December 3, 1969.
*572 Messrs. Hespe & Hespe, attorneys for plaintiff.
Messrs. Stein and Stein, attorneys for third-party defendant.
*573 BRESLIN, J.D.C. (temporarily assigned).
This action was originally commenced by plaintiff filing a complaint against defendant John Hancock Mutual Life Insurance Co. seeking recovery of the sum of $7,500 as the named beneficiary by virtue of policy No. 11649-GTC issued by defendant on the life of one Thomas M. Novern who died on August 23, 1968. An answer and counterclaim for interpleader was filed by John Hancock. The counterclaim contended that one Christel Novern was asserting a claim to the proceeds of the policy. A third-party complaint was thereafter filed by John Hancock against Christel Novern. By order of March 19, 1969 John Hancock was directed to pay the fund into court and jurisdiction was retained for the purpose of determining the rights of plaintiff and third-party defendant to the proceeds.
Plaintiff contends that she was the wife of Thomas M. Novern until she divorced him on May 22, 1968, and that there never was any change of beneficiary made in compliance with the provisions of the policy.
Third-party defendant contends that the interest of plaintiff as named beneficiary terminated when Thomas M. Novern ceased his employment with Yale Transportation Company on November 30, 1964. She further contends that in March 1967 Thomas M. Novern was reinstated as a member of Local 641, International Brotherhood of Teamsters, and again became eligible to the benefits of the policy in question; that at that time the third-party defendant was named as beneficiary under the group insurance policy, and as a consequence of said change she is entitled to the proceeds of the policy.
The following provisions of the policy are pertinent to the issue as to which party is entitled to the proceeds:
A. Beneficiary. Any employee insured under the Policy for Life Insurance shall have the right to designate a beneficiary, and from time to time may revoke or change such designation by filing written notice thereof with the Trustee(s), but such designation, revocation or change shall not be valid unless it is in writing, on forms supplied *574 for that purpose by the Company, or satisfactory to the Company, and is on file with the Trustee(s). After such written notice has been received by the Trustee(s), it shall relate back to take effect as of the date the employee signed said written notice whether or not the employee be living at the time of the receipt of such written notice.
B. If an employee does not designate a beneficiary for Life Insurance under this Policy on a form supplied by the Company or satisfactory to it the Company may at its option pay the Life Insurance to the person last designated as beneficiary by the Employee in writing on forms supplied for that purpose or satisfactory to the Company and on file with the Trustee(s) with respect to former insurance of the employee under any of the other group policies previously issued to the Trucking Employees of North Jersey Welfare Fund, Inc., the Trucking Employees of Passaic and Bergen Counties Welfare Fund, the Affiliated Truckers Trustee Fund, Inc., or the Local 560, Salesmen & Mechanics Division Welfare Fund and which group policies terminated before the date the employee became insured hereunder.
C. If any employee, whose Life Insurance under this Policy ceased, again becomes insured hereunder for Life Insurance and there is a designated beneficiary of such employee with respect to Life Insurance under this Policy on file with the Trustees, such designation shall continue to be the designation of his beneficiary unless and until revoked or changed by the employee, in the manner described above.
The proofs establish that the insured became a member of Local 641 on or about April 1, 1964 by virtue of his employment with Yale Transportation Company. By reason of that membership he was entitled to the benefits of group insurance policy No. 11649-GTC issued by John Hancock to the trustees of the Trucking Employees General Welfare Fund. The insured named plaintiff as the beneficiary in his application for group insurance under that policy. In November 1965 the insured ceased his employment with Yale and was employed by Schulman Air Freight Co., which was not a member of Local 641. In May 1968 he became employed with R.C. Motor Lines, Inc. and was reinstated in Local 641. His application for membership in Local 641 dated March 26, 1967, set forth Christel Novern as his next of kin and beneficiary and stated that she was his wife. No change in beneficiary was ever made on forms supplied by John Hancock. Plaintiff obtained a final decree *575 of divorce against the insured on May 22, 1968. Under the terms of the decree the insured was ordered to pay weekly sums for her support and two children of the marriage.

I

Did the interest of plaintiff as named beneficiary cease upon termination of the insured's employment with Yale Transportation Company in 1965?
It is well settled in New Jersey that when the policy so provides, the termination of employment of an employee insured under a group insurance plan terminates the insurance coverage. Mau v. Union Labor Life Ins. Co., 31 N.J. Super. 362 (App. Div. 1954); Keane v. Aetna Life Ins. Co., 22 N.J. Super. 296 (1952); Shaffer v. Metropolitan Life Ins. Co., 133 N.J.L. 53 (1945). In order to effect a discontinuance of the insurance, the termination of employment must be a clear and complete severance of the relationship of employer and employee. Ambrose v. Metropolitan Life Ins. Co., 18 N.J. Misc. 42, 10 A.2d 479 (Cir. Ct. 1939). And it has been held that when an insured is discharged from employment and subsequently rehired, he retains no rights under his original policy certificate where the group policy expressly provides that a reemployment is to be classed as a new employment, accompanied by the issuance of a new policy certificate. Shaffer v. Metropolitan Life Ins. Co., supra.
The instant group policy, under the caption "Discontinuance of individual insurance for Employees," provided for cessation of an employee's coverage upon the date of termination of his employment. The date of termination is defined in the policy as "the last day of any calendar month during which such employee failed to work at least eight days."
Accordingly, when decedent quit his job with Yale Transportation Company in November 1964 and simultaneously gave up his membership in the contributing local *576 union, and gained employment with another firm through a noncontributing union, he also relinquished his rights under his former union's policy. It necessarily follows that his beneficiary, at that time, likewise retained no interest.
However, when decedent was thereafter reinstated to membership in his original local union and obtained employment with a trucker who had a collective bargaining agreement with that local, the policy was revived and decedent's coverage was resumed. It is the court's duty to enforce an insurance contract as written when its terms are clear and unambiguous. Kook v. American Surety Co. of New York, 88 N.J. Super. 43, 210 A.2d 633 (App. Div. 1965); Rotwein v. General Accident Group, 103 N.J. Super. 406, 247 A.2d 370 (1968); and the language of the policy in question is, indeed, clear that a rehired employee is covered under the policy and subject to its provisions. Page T-10 of the policy, marked in evidence, provides:
Each employee in the eligible class in Groups 1A, 1B, or 2 who does not become eligible under this policy on December 1, 1954, and each such employee who became insured under this policy but whose insurance hereunder ceased in accordance with the provisions entitled `Discontinuance of Individual Insurance' contained herein, shall thereafter become eligible under this policy on the first day of the calendar month immediately following a calendar month during which such employee works at least eight days. [Emphasis added].
Obviously, the policy provisions were meant to apply to those persons, such as decedent, who were in a reemployment situation, and they, by virtue of the renewed coverage, were bound by its provisions.
One such provision, anticipating reemployment possibilities and their effect upon a former designation of beneficiary under the policy is found on page A-4 of the policy. It states:
If any employee, whose life insurance under this policy ceased, again becomes insured hereunder for life insurance, and there is a designated beneficiary of such employee with respect to life insurance under this policy on file with the Trustees, such designation shall *577 continue to be the designation of his beneficiary unless and until revoked or changed by the employee in the manner described above. [Emphasis added].
Again the policy is clear. When the insured decedent left the union local, the individual policy terminated and his designated beneficiary held no further interest in it. Upon his subsequent reinstatement in the local, he was again insured under the policy and bound by its mandate that the original beneficiary was to remain as beneficiary until an effective revocation had been made. Therefore, although the plaintiff's interest as beneficiary ceased upon her husband's termination of employment, that interest was regenerated when he was restored to his former status. The only way plaintiff's interest could then have been defeated was by changing the beneficiary in conformity with policy prerequisites.

II

Did plaintiff relinquish her rights to the proceeds of the policy upon the entry of the final decree of divorce?
Where a divorced wife, who while she was the wife, was designated as the beneficiary in a certificate issued under a master policy, is awarded custody of minor children and her former husband is ordered to make regular payments to her, she has an insurable interest in the life of her former husband. Simmons v. Simmons, 272 S.W.2d 913 (Tex. Ct. App. 1954).
If a beneficiary is named, or can otherwise be definitely identified, only her designation as insured's wife is disrupted; and where the wife is designated as beneficiary, the person sustaining that relation to insured at the time the policy is issued, and not the one who becomes his wife at a later date, is the beneficiary under the policy. 46 C.J.S. Insurance § 1160, at 43.
The majority rule is that a judgment of divorce alone does not effect the former wife's status as beneficiary under *578 a preexisting life insurance policy. O'Brien v. Elder, 250 F.2d 275 (5 Cir.1957); 44 Am Jur.2d § 1740; Appleman, Insurance Law and Practice, § 804. And our own jurisdiction in John Hancock Mutual Life Ins. Co. v. Heidrick, 135 N.J. Eq. 326 (Ch. 1944), has held that absent a specific property settlement agreement to the contrary, or a later change of beneficiary, the right of the first wife, designated as beneficiary, to collect the life insurance proceeds after her divorce from the insured is unquestioned.
There is in evidence no agreement in the nature of a property settlement, nor any agreement incorporated into the final divorce decree, whereby the wife relinquished her rights to the insurance proceeds; the policy does itself not declare that the interest of the beneficiary-wife would be cancelled upon divorce. The only way the divorced wife's interest as beneficiary could be revoked was by the insured's properly affecting a change of beneficiary.

III

Did the naming of a third-party defendant as next of kin (beneficiary) in the application for membership by the insured on March 26, 1967 vest her with rights to the proceeds?
As previously noted, under section A of the policy, the insured had the right to change the beneficiary on condition that the change be in writing on forms supplied by the insurance company or satisfactory to the company, and that the change be on file with the trustees.
A person named as beneficiary in an insurance policy has a vested interest in the policy, subject to divestiture upon a change of beneficiary by the insured during the latter's lifetime. In re Posey, 89 N.J. Super. 293 (Cty. Ct. 1965) aff'd 92 N.J. Super. 259 (App. Div. 1966); Metropolitan Life Ins. Co. v. Dinzik, 141 N.J. Eq. 336 (Ch. 1948); John Hancock Mutual Life Ins. Co. v. Heidrick, supra. Since the beneficiary's interest is vested, a divestiture *579 is generally accomplished only by strict compliance with an insurer's policy provisions setting forth acceptable methods of changing beneficiaries. John Hancock Mutual Life Ins. Co. v. Heidrick, supra; Prudential Ins. Co. v. Mantz, 128 N.J. Eq. 480 (Ch. 1941), aff'd o.b. 130 N.J. Eq. 385, (E. & A. 1941); Koczot v. Travelers Ins. Co., 130 N.J. Eq. 106 (Ch. 1941). In the latter case the insured, while on his deathbed, gave his daughter a written and signed paper directing the insurance company to change the beneficiary of his policy. The group policy provision stated that such changes were to be made on forms supplied by the company and received by it at its home office. When his daughter presented the paper to his employer, the employer's manager went to the insured for the purpose of having him complete a form furnished by the insurance company. However, the insured was not physically able to comply with the instructions, and at his death the "informal" written request was the only statement of the change of beneficiary. The court held that this attempted change was ineffective since the formal request form supplied by the company was not received at its home office, and further held that the beneficiary had the right and privilege of insisting upon a compliance with the terms of the policies to effect a change. In Metropolitan Life Ins. Co. v. Dinzik, supra, the insured sought to change the beneficiary in a paper prepared by a notary public and it was held that such did not constitute a compliance with the provisions of the policy respecting a change of beneficiary.
However, the rule that strict compliance with the policy terms respecting a change of beneficiary is essential to effectuate such a change has been relaxed. If the insured has done everything he reasonably could to comply with such policy requirements and has substantially complied therewith, a change of beneficiary will be effected. Goldberg v. Hudson County National Bank, 123 N.J. Eq. 269 (E. & A. 1938); Continental Assur. Co. v. Conroy, 111 F. Supp. 370 (D.N.J. 1953); Kaplan v. Metropolitan Life *580 Ins. Co., 20 N.J. Misc. 430, 29 A.2d 143 (Cir. Ct. 1942). In Prudential Ins. Co. v. Swanson, 111 N.J. Eq. 477 (E. & A. 1932), the insured attempted to change the beneficiary by (1) executing an assignment while confined to a hospital, and (2) a letter directed to the insurance company indicating a desire to change the beneficiary and enclosing the assignment and requesting that the records of the company be changed to name her brother as beneficiary. It was held that an insured is excused from complying with the strict requirements of the policy only when he is able to convince the court that he has done everything within his power to effect a change and has made every reasonable effort to comply with the conditions of a change of beneficiary. Only then would the rule that substantial compliance is sufficient become applicable. It was further held that the insured had not done everything he could or should have done under the circumstances to comply with the requirements of the policy regarding change of beneficiary, and thus a change was not accomplished. The more recent case of Strohsahl v. Equitable Life Assur. Soc. of United States, 71 N.J. Super. 300 (Ch. Div. 1962), supported the doctrine of the earlier decisions by holding that substantial compliance with policy terms prescribing methods of changing beneficiaries is necessary because of the beneficiary's vested interest.
There is no evidence in the instant case that the insured complied with the requirements of the policy relating to the change of beneficiary. The designation of Christel Novern as the next of kin (beneficiary), accompanied by a notation in his application for membership in Local 641 on March 26, 1967 that she was his wife, did not constitute a compliance, either strict or substantial, with the provisions of the policy. The insurance certificate provided that in order to accomplish a change of beneficiary, written notice of the change was to be filed by the insured with the policyholder, the trustees of the Trucking Employees of North Jersey Welfare Fund, Inc. The standard printed union application form, upon which numerous and diverse *581 pieces of information were recorded, could not be considered an express written notice of change of beneficiary directed to the trustees. Considering the fact that more than a year elapsed between the time of his application and his death, a period which in some part could have been used by decedent to inquire into the proper method for changing his beneficiary, the completing of the application form was not all that decedent could reasonably have done to effectuate a change of beneficiary.
For the foregoing reasons the court concludes that plaintiff Dolores E. Novern, as existing beneficiary is entitled to the proceeds of the policy.