ROBERT KAPLAN AND DAVID* KAPLAN, BY PAULINE HODDESON, THEIR NEXT FRIEND, PLAINTIFFS, v. METROPOLITAN LIFE INSURANCE COMPANY, A CORPORATION OF NEW YORK, SAMUEL KAPLAN AND MINNIE KAPLAN, DEFENDANTS.

Decided July 7, 1942.

For the plaintiffs, *Milton M. Unger*.

For the defendant, *Clifford I. Voorhees*.

OLIPHANT, C. C. J.  This case was tried before Judge A. Dayton Oliphant without a jury at the Middlesex County Circuit, pursuant to stipulation entered into between the parties.

On the first day of June, 1937, the defendant company issued a policy of life insurance to one Harry Kaplan in the sum of $5,000.  The beneficiary thereunder was Syma Kaplan, his wife.  On June 19th, 1937, the insured executed a change of beneficiary form and filed a written notice of the change at the home office of the company, accompanied by the insurance policy for the endorsement of the change thereon by the company.  Under that designation, the infant plaintiffs herein were each entitled to receive one-fourth of the value of the policy upon the death of their father, the insured.

On May 23d or 24th, 1940, as to which date the evidence is conflicting but immaterial, the insured called the home of one Cherashore, the agent of the defendant company, talked to his wife and asked that he "call for the beneficiary

forms and policy." Cherashore did not do so. On May 25th, 1940, Kaplan died, a suicide. A day or two after the funeral Cherashore asked Mrs. Kaplan for the policy. She gave it to him and at the same time handed him a properly executed change of beneficiary dated May 23d. Under this change each of his sons, the plaintiffs herein, was to receive the sum of $500. On May 29th, Cherashore sent the policy and change of beneficiary form to the home office of the defendant company. The change of beneficiary was never endorsed on the policy but the company sought to pay the proceeds due thereunder in accordance with the instructions contained in the designation of beneficiary form dated May 23d, 1940, and offered to the infant plaintiffs thereunder the sum of $500 each, which they refused to accept.

The policy contained the following provision:

"Change of Beneficiary:—When the right to change the Beneficiary is reserved, * * * the Insured may * * * designate a new Beneficiary, with or without reserving the right of change thereafter, by filing written notice of this change at the Home Office of the Company accompanied by this Policy for endorsement of the change thereon by the Company. No such change shall be effective unless and until it is so endorsed on this Policy, but upon such endorsement the change will be deemed to have been made as of the date the Insured signed said written notice of change whether the Insured be living at the time of such endorsement or not, * * *."

The provision of the policy above set forth, was not complied with.

A person designated as a beneficiary in a life insurance policy acquires a vested right of which he cannot be divested except in the manner provided for in the policy. *Prudential Insurance Co.* v. *Mantz et al.*, 128 *N. J. Eq.* 480; 17 *Atl. Rep.* (2d) 279, and cases therein cited.

To escape this well recognized rule the defendant seeks to avail itself of the equitable doctrine that substantial compliance with such provision in an insurance policy is sufficient when the insured "has done everything within his

power to effect a change, and made every reasonable effort to comply with the conditions of a change of beneficiary."

The insured did not do this. He committed suicide. He, of course, knew just when he was going to die. Before his death, he could have sent the papers to the company with the policy or taken them in person. He knew the provisions of the policy relating to the change in beneficiary. He had previously properly effected such a change and at that time properly complied with the terms and provisions of the policy. He was a practicing lawyer, was not ill or physically handicapped.

In a case much stronger than the instant one from the defendants standpoint, *Prudential Insurance Co.* v. *Swanson,* 111 *N. J. Eq.* 477; 162 *Atl. Rep.* 597, the Court of Errors and Appeals held that the insured had not done everything that he could or should have done to comply with the requirements of the policy respecting the change in beneficiary. That is the situation here.

After hearing the evidence and counsel for the plaintiffs and defendant, the court finds that the statements in all paragraphs of the complaint are supported by the evidence.

The court finds for the plaintiff and against the defendant. The damages are assessed at $2,626.