### 20995. THEUS *et al.* v. BANKERS HEALTH & LIFE INSURANCE CO. *et al.*

DUCKWORTH, Chief Justice. This action began as a petition in equity, against the beneficiary under an insurance policy and the insurance company, to enjoin payment of the proceeds of the policy to the beneficiary on the theory that the beneficiary had no insurable interest; for a declaratory judgment to avoid the necessity of the appointment of an adminis-

trator and the expense of administration, since the petitioners, who are the heirs of the deceased, paid for the funeral and burial expenses; to marshal the assets and distribute the same to avoid waste, to avoid a multiplicity of suits, and for a judgment against the defendants in favor of the petitioners on the proceeds of the insurance policy, and to require the beneficiary to also surrender any assets she has of the deceased and account therefor. A general demurrer to the petition was filed by the insurer, and thereafter a so-called "amendment-intervention" was filed by the administrator of the estate and the petitioners, alleging undue influence practiced on the insured by the beneficiary to be named in said policy, and failure of consideration of any services rendered by the beneficiary, the alleged paramour of the insured. The insurer thereupon filed objections to the allowance of the amendment-intervention and a motion to dismiss because there remained nothing in the original petition to amend, the same being subject to the general demurrer. Thereafter, the court, after a hearing, struck the amendment-intervention and dismissed the entire action. The exception is to this judgment. *Held:*

1. A person has an insurable interest in his own life and can, when not otherwise unlawful, make the policy payable to whomsoever he pleases irrespective of whether the latter has an insurable interest in the life of the insured. *Union Fraternal League v. Walton,* 109 Ga. 1 (34 S. E. 317, 46 L. R. A. 424, 77 Am. St. Rep. 350); *Clements v. Terrell,* 167 Ga. 237 (1) (145 S. E. 78, 60 A. L. R. 969); *Quinton v. Millican,* 196 Ga. 175 (26 S. E. 2d 435); *Wimbush v. Lyons,* 203 Ga. 273 (1) (46 S. E. 2d 138).

2. The petition contains no allegations in regard to assets other than the insurance policy. The allegations in the amendment as to undue influence are mere conclusions without basis in fact. And a copy of the insurance policy is not attached to the petition. Therefore, considering the entire petition as amended and construing it most strongly against the pleader, it fails to allege a cause of action for any of the relief sought, whether based on fraud and undue influence, lack of an insurable interest, the need of equity to marshal the assets of the estate, or to avoid a multiplicity of suits, and the court did not err in dismissing the action.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 12, 1960—DECIDED OCTOBER 11, 1960.

*Benjamin Zeesman,* for plaintiffs in error.

*Wm. C. Turpin, Maurice C. Thomas, Clisby W. Jarrard, George R. Jacob,* contra.