27946, 27947. LILES et al. v. RUSSELL et al.; and vice versa.

SUBMITTED MAY 15, 1973 — DECIDED MAY 31, 1973 — REHEARING DENIED JUNE 21, 1973.

*Glyndon C. Pruitt, Merrell Collier,* for appellants.

*Sams & Sams, Marion A. Sams, M. D. McLendon,* for appellees.

GRICE, Presiding Justice. The issue here is whether the named beneficiary of life insurance policies is entitled to the proceeds as a matter of law.

This appeal and cross appeal arose when Zebulon M. Liles and Cottie Jackson Liles filed suit in the Superior Court of Fulton County against Aetna Life Insurance Company and General Foods Corporation. The complaint alleged essentially as follows: that they were the parents of Margaret Rose Liles who was killed on November 11, 1971, when an automobile in which she was a passenger overturned; that at the time of her death Margaret Rose Liles was employed by General Foods Corporation and was covered and insured by two designated group policies issued by Aetna Life Insurance Company; that Margaret Rose Liles was unmarried and had no children; and that upon her death the plaintiffs, as her surviving parents, became entitled under said policies to life insurance in the amount of $23,000 which Aetna was obligated to pay thereunder.

In response Aetna and General Foods answered, in essential part, that the complaint failed to state a claim

upon which relief could be granted; and that "Margaret Rose Liles listed as beneficiary under said policies Ashton Smith Russell, Jr., showing his relationship as 'Fiance.'"

Aetna also filed a third party complaint, cross action and counterclaim for interpleader and declaratory judgment in which it admitted liability in the amount of $28,000 under the policies. It stated that since Ashton Smith Russell, Jr., the named beneficiary under the policies, and the plaintiffs were adverse claimants to the proceeds it could not safely determine what disposition it should make of the funds, and asked that the court authorize payment thereof into the registry of the court until it determined which of the claimants was entitled thereto.

Russell filed answers to both complaints, admitting that there were adverse claims to the proceeds, but denying that there was "uncertainty involved prohibiting Aetna Life Insurance Company from safely determining what disposition it should make of the proceeds of said policies, [since he], being the named beneficiary, is entitled as a matter of law to said proceeds." He also filed an interpleader and a "counterclaim or claim" in which he prayed for judgment against Aetna in the amount of $28,000 as named beneficiary of the policies, plus interest and costs.

Subsequently Russell made several motions for production of documents and requests for admission of facts from all parties.

In response to a request for admission of facts and of genuineness of documents filed June 27, 1972, both plaintiffs stated under oath that the signature on the designation of beneficiary document was not clear enough for them to answer whether or not it was that of Margaret Rose Liles. However, Aetna and General Foods replied that the document was genuine in what it purported to show, "and that the signature of Margaret R. Liles appears thereon in the box entitled 'Employee's Signature,' and General Foods Corporation admits that Margaret R. Liles signed the original [document]."

Thereafter, on July 20, 1972, Russell filed a motion for summary judgment, alleging that based upon the pleadings and the aforementioned requests for admissions and production of documents, and affidavits attached to the motion, there was no genuine issue as to any material fact.

In one of the attached affidavits, Russell swore that he was a personal friend of Margaret Rose Liles and was engaged to marry her; that he personally knew her signature, having seen her sign her name many times; and that the signature appearing on the copy of the designation of beneficiary document, attached thereto and made an essential part thereof, was in fact her signature.

The second affidavit attached to the motion for summary judgment was made by Betty Jean Cordell. She swore that she was a personal friend of Margaret Rose Liles and also was acquainted with Ashton Smith Russell, Jr., that she and Margaret Rose Liles were employed by General Foods Corporation "and that she was in fact present with Margaret Rose Liles on September 22, 1971, at General Foods Corporation when Margaret Rose Liles signed the designation of beneficiary document . . ."; that she was personally familiar with the signature of Margaret Rose Liles, had examined the document and that the signature thereupon was a genuine photocopy of her signature; and that at the time Margaret Rose Liles completed the original document, "she did so freely, voluntarily and without any force or duress being used on her."

On August 15, 1972, the plaintiffs filed an amendment to the complaint in which they alleged that Russell had fraudulently caused his name to appear on the records as beneficiary of the insurance policies by "contracting and agreeing with Margaret Rose Liles to marry her and agreeing for the date for the marriage at a time when he was already married to another, to-wit, Beverly Russell,

and in concealing said previous marriage from Margaret Rose Liles"; that because of this she was misled into believing he was her fiance; and that they were entitled to have his name stricken "as the purported beneficiary of insurance of Margaret Rose Liles because [Russell's] name is not in the writing of Margaret Rose Liles as required by the policy of insurance and because the appearance of said name in the said records was caused by the aforesaid fraud of Ashton Smith Russell, Jr."

Both plaintiffs also filed affidavits in which they swore that Russell did not tell them or their daughter that he was already married when he asked her to marry him and they did not know about it until after her death; that they had examined the designation of beneficiary document and that the signature thereon is so indistinct that neither they nor anyone else can tell whether the signature is that of Margaret Rose Liles; and that the other writing and printing on the document reading "Ashton Smith Russell, Jr. —Fiance," was not her print or handwriting.

Subsequently, on November 17, 1972, the plaintiffs again amended their complaint by changing the amount of the proceeds from $23,000 to the correct amount of $28,000, and alleging that Russell and his wife Beverly Renee Russell had never been divorced and that it would be inequitable and unconscionable to allow him "to profit by or take any fruits of his fraud and wrong in concealing his marriage and inducing Margaret Rose Liles to believe that he was single and could and would marry her."

The plaintiffs filed another amendment designated as Count Two in which they added Beverly Renee Russell as a plaintiff. It alleged that an order dated October 22, 1971, in Case No. B-63325 in Fulton Superior Court, a copy of which was attached thereto, which purported to grant Beverly Renee Russell a divorce from Ashton Smith Russell, Jr., was entered by mistake and was not obtained by her or her counsel. They prayed that this

judgment be vacated and set aside. Supporting affidavits were also filed.

The trial court entered an order on November 21, 1972, granting Russell's motion for summary judgment, from which the plaintiffs appeal.

Notice of appeal was filed on December 18, 1972. On December 27, 1972, Russell filed a motion to exclude the plaintiffs' last two amendments and supporting affidavits from the record on appeal. This motion was overruled by the trial court on January 9, 1973, and on January 10, 1973, Russell filed his notice of cross appeal upon the grounds stated in the motion overruled. The plaintiffs subsequently filed a motion to dismiss the cross appeal upon the ground that it was not timely filed.

■ From a study of the pleadings, affidavits and depositions in this record we conclude that the motion for summary judgment was properly granted.

The pleadings here do not allege and the evidence does not show that the *signature* of the deceased insured on the document designating Ashton Smith Russell, Jr., as beneficiary of her life insurance policies was not in fact in her own handwriting, or that it was a forgery or was made under any alleged factual circumstances which would warrant its cancellation.

Furthermore, although the document shows that the insured reserved the right to change the beneficiaries of her policies, she never chose to do so.

The policies were unrestricted as to who could be named as beneficiaries. From what appears, the insured designated Russell as the beneficiary of the policies and further identified him as being her fiance. Such a situation is analogous to and controlled by several decisions of this court.

In *Clements v. Terrell,* 167 Ga. 237 (145 SE 78, 60 ALR 969) this court held as follows: "1. A person has an unlimited insurable interest in his own life, and can, where there is no intent to enter into a wagering contract,

lawfully take out a policy of insurance on his own life, and make the same payable to whomsoever he pleases, regardless of whether the latter has an insurable interest in the life of the insured . . . 5. Where an employer takes out group insurance on the lives of his employees, and the certificate issued to one of the insured employees designates the beneficiary as a named person, with the word 'wife' added as an appositive, the party named is entitled to the insurance as beneficiary, even though she be not in fact the wife of the insured, and although he is married to another woman, it not appearing that it was the intention of the insured or his employer to name his wife as such beneficiary. The word 'wife' is held descriptio personae, and not a warranty that the beneficiary named is in fact the wife of the insured." See also in this connection, *Wimbush v. Lyons,* 203 Ga. 273 (46 SE2d 138); *Pate v. Citizens & Southern Nat. Bank,* 203 Ga. 442 (47 SE2d 277) (one Justice not participating); *Theus v. Bankers Health &c. Ins. Co.,* 216 Ga. 377 (116 SE2d 573).

Here, Ashton Smith Russell, Jr. was clearly named and designated as beneficiary of these life insurance policies on September 22, 1971, less than two months before the insured was killed. Under the cases cited above, where the full and correct name of the beneficiary appears, any other word or words are considered to be used merely for identification and are superfluous so long as the beneficiary is clearly discernable. Therefore, whether Russell was actually the insured's fiance, as identified in the policies, is irrelevant.

It follows that the trial court did not err in granting the motion for summary judgment in favor of Russell since he was entitled to the proceeds of the policies as a matter of law.

■ In view of the foregoing disposition made in the main appeal, it is not necessary to deal with the contentions in the cross appeal as to the inclusion in the record upon appeal of certain amendments and affidavits

of the plaintiffs. Obviously these were not prejudicial to the defendant Russell.

It is likewise unnecessary to consider the plaintiffs' motion to dismiss the cross appeal.

*Judgments affirmed. All the Justices concur.*