150 N.J. Super. 271 (1977)
375 A.2d 672
NEW YORK LIFE INSURANCE CO., PLAINTIFF,
v.
ESTATE OF DEAN CHARLES HUNT, DEFENDANT AND THIRD-PARTY PLAINTIFF-RESPONDENT, KAREN ZIELINSKI SNIDENBACH, DEFENDANT-APPELLANT, HERBERT E. HUNT AND MARGUERITE B. HUNT, DEFENDANTS AND THIRD-PARTY PLAINTIFFS-RESPONDENTS,
v.
JAY L. GROSS, THIRD-PARTY DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued March 14, 1977.
Decided April 28, 1977.
*272 Before Judges BISCHOFF, MORGAN and KING.
*273 Mr. Raymond P. DeMarco argued the cause for defendant-appellant (Messrs. DeMarco and Lore, attorneys, Mr. Mark S. Shane on the brief).
Mr. Carlyle W. Crane argued the cause for the defendant and third party plaintiff-respondent (Messrs. Crane, Beglin and Vastola, attorneys).
The opinion of the court was delivered by KING, J.S.C., Temporarily Assigned.
Defendant Karen Zielinski (Snidenbach), the named beneficiary in a policy of life insurance issued by plaintiff New York Life Insurance Company, the "stakeholder" in this interpleader action, appeals from a judgment of the Chancery Division which imposed a constructive trust on the proceeds of the policy in favor of the deceased insured's estate. We reverse and hold the named beneficiary absolutely entitled to the proceeds.
The following facts are undisputed. Decedent Dean Charles Hunt and defendant, the former Karen Zielinski, became engaged to be married in November 1971. In September 1972 Hunt and his fiancee applied for life insurance policies in the amount of $25,000, naming each other as beneficiary for the respective policies. Each policy contained a clause providing for double indemnity in the event of accidental death.
In December 1972 Karen Zielinski broke her engagement to Hunt and on February 9, 1973 married John Snidenbach. Hunt, aware of the marriage, continued to pay the premiums on his life insurance policy but made no change in the designated beneficiary. Karen Zielinski allowed her policy to lapse. The designation of beneficiary on Hunt's policy read "Karen Zielinski, intended wife of insured." No provision was made by Hunt for a contingent beneficiary. Hunt was made aware of his opportunity to change the beneficiary following the marriage, not only *274 by the insurance agent but also by his mother and his brother, but never did so.
On September 2, 1973 Hunt was accidentally shot to death. Both Karen Zielinski (Snidenbach) and the estate of Dean Charles Hunt claimed the proceeds of the policy. At the conclusion of the trial judgment was entered in favor of the estate of Hunt. The trial judge determined that Karen Zielinski's right to the proceeds was conditioned upon her being the "intended wife" of the insured. He determined that a "contract of engagement" was the basis of the beneficiary designation. Having broken her contract of engagement with Hunt, the trial judge reasoned that Karen Zielinski's status as his intended wife terminated and she was no longer entitled to the proceeds of the policy. The judge entered judgment holding that "Karen Zielinski Snidenbach held the proceeds of the life insurance policy on the life of Dean Hunt constructively for the benefit of the Hunt estate."
Karen Zielinski (Snidenbach) contends that the trial judge erred as a matter of law in determining that she was not entitled to the proceeds of this life insurance policy. She argues that under the law of this State she has a vested right to those proceeds, and her subsequent marriage could not divest her of that right. She also claims error in the imposition of a constructive trust upon the proceeds, contending that there was no proof of fraud or wrongdoing on her part. We are persuaded that these arguments have merit.
Although not precisely in point, there does exist in New Jersey an unbroken line of cases holding that the interest of a designated beneficiary of a life insurance policy is a vested property right payable in the event the beneficiary outlives the insured, subject to divestment only by the insured making a change in the beneficiary in the manner provided by the policy contract. Prudential Ins. Co. of America v. Swanson, 111 N.J. Eq. 477, 482-483 (E. & A. 1932); Prudential Ins. Co. v. Mantz, 128 N.J. Eq. 480 (Ch. 1941), aff'd, 130 N.J. Eq. 385 (E. & A. *275 1941); Kaplan v. Metropolitan Life Ins. Co., 20 N.J. Misc. 430, 29 A.2d 143 (Sup. Ct. 1942); John Hancock Mut. Life Ins. Co. v. Heidrick, 135 N.J. Eq. 326 (Ch. 1944); Metropolitan Life Ins. Co. v. Woolf, 138 N.J. Eq. 450 (E. & A. 1946); Strohsahl v. Equitable Life Assur. Soc. of U.S., 71 N.J. Super. 300 (Ch. Div. 1962); Hutchinson v. Goceliak, 73 N.J. Super. 550 (Ch. Div. 1962); Gerhard v. Travelers Ins. Co., 107 N.J. Super. 414 (Ch. Div. 1969). A demonstrated intention to change beneficiaries is insufficient if not executed in the manner prescribed in the policy for effecting such a change. Prudential Ins. Co. of America v. Mantz, Kaplan v. Metropolitan Life Ins. Co., Strohsahl v. Equitable Life Assur. Soc. of U.S., and Gerhard v. Travelers Ins. Co., all supra. Hence in Strohsahl the insured's attempt to change beneficiaries by a provision in his will was held ineffective to accomplish that result despite the clear evidence of the insured's intentions to make such a change. Even fully executed beneficiary change forms which were not endorsed on the policy as required were held ineffective to change beneficiaries. Kaplan v. Metropolitan Life Ins. Co., supra.
Change in the marital relationship between insured and beneficiary has been held insufficient even when accompanied by a separation agreement executed by the first wife and named beneficiary in which she purported to release her husband, the insured, from any claim against him or his estate. John Hancock Mutual Life Ins. Co. v. Heidrick, supra. The court there noted that the claim in question was on the policy and not against the estate, and that divestiture of the vested interest of a named beneficiary could only be accomplished in the manner prescribed by the policy under which the claim was being made.
The law as expressed in the cases referred to supra is entirely consistent with the substantial weight of authority elsewhere. See Scherer v. Wahlstrom, 318 S.W.2d 456 (Tex. Civ. App. 1958); Service Life Ins. Co. v. Davis, 466 S.W.2d 190 (Mo. App. 1971). In both Scherer and Davis *276 the relationship between the insured and the named beneficiary was similar to the relationship between Dean Hunt and Karen Zielinski at the time the policies were issued. In each case the beneficiary was named in the policy and there described as "fiancee"  in the present case the description was "intended wife of insured." In all three cases the beneficiary initially expressed an intent to marry the insured, and the insured died or was killed after the engagement had been terminated by her. In both Scherer and Davis the court held that the named beneficiary, described in the policy as "fiancee," was entitled to the policy proceeds.
The trial court's view of the qualifying words following the beneficiary's name, "Karen Zielinski, intended wife of insured," as constituting a continuing condition to the beneficiary's right to recover on the policy was incorrect. The general rule is that additional descriptive words in the beneficiary clause, such as "husband," "wife," "fiancee," or "partner," or as in this case, "intended wife of insured," are simply descriptive and useful only in the event of a dispute over the identity of the person named as a beneficiary and should not be construed as a condition of the beneficiary's right to the proceeds. Gerhard v. Traveler's Ins. Co., Hutchinson v. Goceliak and John Hancock Mut. Life Ins. Co. v. Heidrick, all supra; Doney v. Equitable Life Assur. Soc., 97 N.J.L. 393 (Sup. Ct. 1922); Katona v. Colonial America, 12 N.J. Misc. 526, 173 A. 99 (Com. Pl. 1934); Prudential Ins. Co. v. Morris, 70 A. 924 (Ch. 1908); cf. Novern v. John Hancock Mut. Life Ins. Co., 107 N.J. Super. 570, 577-578 (Law Div. 1969); 5 Couch on Insurance 2d, § 28.90 (1960); 2 Appleman, Insurance § 801 (Supp. 1976).
In our view termination of an engagement to marry  so-called "breach of troth"  is not a sufficient basis for imposition of a constructive trust. It is not an act per se connoting fault, fraud or breach of faith. Rather, termination of an engagement must be viewed as a recognition that *277 the planned for marriage would not be in the best interests of both or either one of the parties. In this case the deceased knew that the engagement had been broken and knew that Karen Zielinski had married another. These facts were not concealed from him. With this knowledge he continued payments on his policy, knowing that Karen remained thereon as beneficiary. He was even told of the advisability of making a change but did not do so. We can find no basis upon which to divest the named beneficiary, Karen Zielinski, of her interest under this policy and no basis upon which a constructive trust on the proceeds in her possession can be impressed.
For the foregoing reasons the judgment below is reversed and judgment is entered in favor of the named beneficiary, Karen Zielinski (Snidenbach), as the proceeds are legally payable to her.