**BANKER'S LIFE INSURANCE COMPANY OF NEBRASKA**

v.

**Vicki J. EATON and Anna P. and Austin McIntyre.**

Supreme Judicial Court of Maine.

Argued Jan. 9, 1981.

Decided June 10, 1981.

Verrill & Dana, John W. Philbrick, Portland, for plaintiff.

Sarah C. McIntyre, Pittsburgh, Pa. (orally), Hewes, Culley, Feehan & Beals, Martica F. Sawin, Portland, for appellants.

Drummond & Drummond, John B. Emory, Portland (orally), for appellee.

Before WERNICK, GODFREY, NICHOLS, GLASSMAN *, ROBERTS and CARTER, JJ.

CARTER, Justice.

Anna P. and Austin McIntyre appeal from a summary judgment entered against them in favor of Vicki J. Eaton by the Superior Court, Cumberland County. The McIntyres and Vicki Eaton were codefendants in this interpleader action brought by Banker's Life Insurance Company of Nebraska to establish the proper disposition of the proceeds of a life insurance policy owned by the McIntyres' son, Gregory, who died in April, 1979. We affirm the judgment.

Gregory McIntyre and Vicki Eaton lived together in Utah from late 1973 until mid-1977. The couple had, on many occasions, discussed the subject of their marrying.

* Glassman, J., sat at oral argument and in the initial conference, but did not participate further in this decision.

They had mutually decided, in these discussions, not to do so. During the period of their cohabitation, each took out a policy on his own life naming the other as primary beneficiary. Vicki Eaton was designated in Gregory's policy as "Fiancee of the Insured," and Gregory's parents were designated as "contingent beneficiaries."

Vicki and Gregory ceased to live together in June, 1977, and, after a brief reconciliation in 1978, Vicki returned to Maine to live indefinitely. Gregory subsequently became engaged to another woman. It is undisputed that Vicki and Gregory were not engaged or living together at the time he died in a skiing accident in April, 1979.

The McIntyres and Vicki Eaton, all Maine residents, filed claims for the policy proceeds. Banker's Life, admitting liability but claiming "great doubt" regarding which claimant was entitled to the proceeds, filed a complaint for interpleader pursuant to M.R.Civ.P. 22 and paid the policy proceeds into court. The defendants, the McIntyres and Vicki, filed cross-motions for summary judgment. In an order dated May 19, 1980, the Superior Court granted Vicki's motion, finding that the term "Fiancee" in the beneficiary designation was descriptive only and not a condition to recovery under the policy. For this reason, said the court, the named primary beneficiary, Vicki, was entitled to the proceeds of the policy, there being no genuine issue of material fact to preclude summary judgment in her favor. M.R.Civ.P. 56(c). On May 19, 1980, the Superior Court entered a final judgment in favor of Vicki and against the McIntyres. From this judgment, the McIntyres appealed to this Court.

■ The McIntyres' appeal raises only one substantive issue: was there any genuine issue of material fact arising out of Gregory McIntyre's insurance contract that made the summary judgment in Vicki's favor inappropriate? If a written contract is ambiguous, summary judgment may not be granted because an unresolved factual issue, i. e., the intent of the contracting parties, remains for resolution by the trier of fact. See T–M Oil Co., Inc. v. Pasquale,

Me., 388 A.2d 82, 85 (1978); Lewiston Firefighters Ass'n, Local 785, International Ass'n of Firefighters, AFL–CIO v. City of Lewiston, Me., 354 A.2d 154, 163 (1976); see also Oil Trading Associates, Inc. v. Texas City Refining, Inc., 201 F.Supp. 846, 849 (S.D.N.Y.1962). The question of whether an insurance contract is ambiguous is a question of law for the court to resolve. 1 Couch on Insurance 2d § 15:3 (1959 and Supp.1980). If the contract is unambiguous, its construction is a matter of law for the court. Zamore v. Whitten, Me., 395 A.2d 435, 440 (1978).

■ The trial justice found that there was no material ambiguity in Gregory McIntyre's life insurance policy calling for a factual resolution. His conclusion followed from his finding that the term "Fiancee" was not a condition of Vicki's recovery under the policy. The trial justice was correct in this determination. Courts that have reached the issue have held, almost uniformly, that terms like "wife," "husband," "partner," and "fiancee" are merely descriptive terms serving to help identify the policy's named beneficiary and do not create conditions precedent to recovery. See, e. g., Service Life Insurance Company of Fort Worth v. Davis, 466 S.W.2d 190, 194–95 (Mo.App.1971) ("fiancee"); New York Life Insurance Co. v. Estate of Hunt, 150 N.J.Super. 271, 276, 375 A.2d 672, 675 (1977) ("intended wife of insured"); Scherer v. Wahlstrom, 318 S.W.2d 456, 459 (Tex.Civ. App.1958) ("Fiancee"). See also Annot., 60 A.L.R. 977 (1929); Annot., 32 A.L.R. 1481 (1924) and cases cited therein; 2 Appleman, Insurance Law and Practice § 801 (1966 and Supp.1980).

■ Thus, it is immaterial that Vicki was not engaged to Gregory McIntyre at the time of his death, and it is similarly immaterial that they may never have been formally engaged. See Service Life Insurance Co. of Fort Worth v. Davis, supra, 466 S.W.2d at 194. An erroneous descriptive designation cannot control over the specific designation of a named individual intended to receive the policy proceeds. Id. Terms like "husband," "wife" and "fiancee" are

simply descriptive and are relevant only in the event of a dispute over the *identity* of the person named as beneficiary. *New York Life Insurance Co. v. Estate of Hunt, supra,* 150 N.J.Super. at 276, 375 A.2d at 675.

In the instant case, Vicki Eaton was the named primary beneficiary of Gregory McIntyre's life insurance policy. Her identity is undisputed; her right to the proceeds became vested at Gregory's death; Gregory had not changed the beneficiary designation; and Vicki had not become disqualified to recover the proceeds for any reason. *See Service Life Insurance Co. of Fort Worth v. Davis, supra,* 466 S.W.2d at 195; *New York Life Insurance Co. v. Estate of Hunt, supra,* 150 N.J.Super. at 276–77, 375 A.2d at 674. Gregory's insurance policy was unambiguous.[1] No genuine issue of fact material to disposition of the proceeds precluded summary judgment in this case. *See Cardinali v. Planning Board,* Me., 373 A.2d 251, 255 (1977); M.R.Civ.P. 56(c).

The entry must be:

Judgment affirmed.

All concurring.

1. The parties have made no choice of law issue in this case. In the absence of such issue, we determine and apply Maine law.