201 N.J. Super. 553 (1985)
493 A.2d 616
PRUDENTIAL INSURANCE COMPANY OF AMERICA, PLAINTIFF,
v.
DAVID PRASHKER, DEFENDANT-APPELLANT, AND MICHAEL PRASHKER, AN INFANT, BY AND THROUGH ANNE PRASHKER, HIS GUARDIAN AD LITEM, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted May 20, 1985.
Decided June 3, 1985.
*554 Before Judges MORTON I. GREENBERG, O'BRIEN and GAYNOR.
Katz, Bitterman & Dougherty, attorneys for appellant (Joseph L. Mooney, III, on the brief).
*555 Galvin & Arnold, attorneys for respondent (Alfred A. Arnold, on the brief).
The opinion of the court was delivered by MORTON I. GREENBERG, P.J.A.D.
In this interpleader action David Prashker, brother of the decedent Alexander Prashker, appeals from a final judgment entered September 24, 1984 awarding the proceeds of decedent's life insurance to decedent's son Michael. The life insurance was issued to decedent as an incident of his public employment and membership in the Teachers' Pension and Annuity Fund. David Prashker asserted a right to the insurance proceeds as the beneficiary designated by the decedent. He conceived that he was entitled to the proceeds as a matter of insurance law (see, e.g., N.Y. Life Ins. Co. v. Estate Dean Charles Hunt, 150 N.J. Super. 271 (App.Div. 1977), certif. den. 75 N.J. 28 (1977)) and statutory entitlement (see N.J.S.A. 18A:66-38). Michael sought the proceeds pursuant to a judgment entered November 26, 1979 divorcing the decedent and Michael's mother and providing that the insurance policy continue to provide for Michael to be its designated beneficiary. While the record is not clear on the point it appears that Michael was never made the beneficiary. It further appears that David's designation as beneficiary (as opposed to contingent beneficiary) was made after the divorce but our result is not dependent on the order of these events.
Judge Long in a comprehensive oral opinion held that the terms of the judgment of divorce control the disposition of the proceeds of the insurance and the provisions of N.J.S.A. 18A:66-51 dealing with exemption from court process of moneys due by reason of a person's membership in the Teachers' Pension and Annuity Fund do not require a different result. In reaching this result she followed Aetna Life & Cas. Co. v. Spain, 556 F.2d 747 (5 Cir.1977), a case decided under New Jersey law. We are in agreement with Judge Long. To avoid *556 the result reached in the trial court, David argues that Michael should not be given the proceeds for he has the adequate remedy at law of bringing an action against the decedent's estate by reason of the violation of the requirements of the divorce judgment. We reject this contention inasmuch as the divorce judgment providing for the designation of beneficiary required, in effect, simply the performance of a specific act and Judge Long has caused that act to be done as authorized by R. 4:59-2(a). While ordinarily relief under R. 4:59-2(a) is granted in the action in which the party was directed to perform the specific act, we see no reason why the same result cannot be reached in a separate proceeding. Thus we affirm the judgment of September 24, 1984 entered on Judge Long's opinion.
Though we affirm the judgment we add four caveats. Here the insurer was aware of the conflicting claims to the policy proceeds and thus made no payment to the designated beneficiary. We do not suggest that if an insurance company, without actual notice of the provisions of a divorce judgment providing for the designation of a beneficiary, made payment to the beneficiary designated by the insured in the manner provided in the policy it could be doubly liable. Cf. Bauer v. Crummy, 56 N.J. 400, 413 (1970) (a bank may allow the survivor of two persons named in a joint bank account to withdraw the moneys until put on actual notice of an adverse claim by reason of a testamentary disposition by the decedent). Clearly the burden of putting the insurer on notice of the divorce judgment is on the beneficiary under the judgment or someone on his behalf. Our second caveat deals with a possible claim of the beneficiary under the policy based on something more than simply his designation as beneficiary by the insured. For example a beneficiary might claim his status pursuant to a contract such as a buy-sell agreement between partners. In that case it is possible that he would have a position superior to that of the person designated in the judgment. Issues concerning ownership of the policy and the insured's right to change the beneficiary might be implicated. Here, however, there is no *557 indication in the record that David has any claim to the proceeds beyond being the gratuitous beneficiary designated by the decedent.
Our third caveat is that we do not intend by our result to open the door to a modification of the general principle that the designated beneficiary of a life insurance policy has a vested right to the insurance proceeds payable in the event he survives the insured subject to divestment only if the insured changes the beneficiary in the manner provided by the policy. See N.Y. Life Ins. Co. v. Estate Dean Charles Hunt, supra, 150 N.J. Super. at 274. Clearly the entry of a divorce judgment requiring a party to name a beneficiary to a specific insurance policy gives rise to a situation justifying treatment departing from ordinary principles. Our result is required so that an insured by reliance on standard insurance law is not able to frustrate a judgment of a court. But if the court permitted changes of beneficiaries in other situations to be made except in accordance with the policy provisions great uncertainties could arise as to the proper recipient of insurance proceeds. Thus we consider the divorce situation to be sui generis.
Our fourth caveat is that we should not be understood as encouraging careless practice. Certainly situations such as that in this case can largely be avoided if the judgment of divorce requires that the person with an obligation to designate and maintain a beneficiary produce appropriate proof of compliance and if the person entitled to the proof insists on it being supplied. This insistence would be particularly important in a case in which the obligation under the judgment to carry insurance is not directed to a specific policy. In that event a court might distinguish this case and provide that the designation by the insured of the beneficiary takes precedence over a general direction in the judgment of divorce to carry insurance in favor of a particular person. We, of course, do not decide that case.
Affirmed.