## A89A0301. LAW v. LAW.
(384 SE2d 891)

BIRDSONG, Judge.

This appeal concerns the determination of the beneficiary's right to proceeds of a Federal Employees Group Life Insurance (FEGLI) policy issued by the Metropolitan Life Insurance Company (Metropolitan). The appellant, Mary E. Law, is the ex-wife of the deceased, Clarence L. Law. They were married in 1946 and divorced in December 1977. In May 1978, Clarence Law married the appellee, Helen E. Law. He died in December 1982.

In June 1973, Mr. Law executed a form which designated Mary Law as the beneficiary of his FEGLI. Although the instructions for completing the form stated that the form "must be free of erasures or alterations," there was a correction on the form because Mr. Law had mistakenly printed his own name in the place where the beneficiary should be indicated. Consequently, his name was lined out, and Mary Law's name printed by Mr. Law on the next line. Mr. Law's execution of the form was witnessed by David H. Alley, Mr. Law's supervisor at work and personal friend. The signature of Rita Kozak, an employee of the local personnel office, also is in one of the spaces for witnesses, but it now appears that she did not witness Mr. Law's execution of the form, and the record does not show that she witnessed Mr. Law's execution of the form at any later time. This form with the correction was accepted, however, as Mr. Law's designation of his beneficiary for his FEGLI.

Before his death in 1982, no other document concerning Mr. Law's FEGLI beneficiary was received by the offices administering the FEGLI program. Thus, the 1973 designation was determined to be the only executed, witnessed, and filed designation of beneficiary for Mr. Law.

Both Mary Law and Helen Law filed claims to receive the FEGLI proceeds. As Metropolitan found Mary Law to be the only properly designated beneficiary, it advised Helen Law that it intended to pay

the proceeds to Mary Law. To prevent that payment, Helen Law filed suit against Mary Law and Metropolitan seeking to enjoin payment to Mary Law and to secure the proceeds for herself. Metropolitan was dismissed from the case after paying the proceeds of the policy into the court. Mary Law then filed a motion for summary judgment contending that as the only validly designated beneficiary, she was entitled to the proceeds as a matter of law. Helen Law filed pleadings opposing the motion, but did not specifically file either her own motion or a cross-motion for summary judgment. Her supplemental reply brief in opposition to Mary Law's motion, however, asked the trial court to rule as a matter of law that the form designating Mary Law as the beneficiary was invalid. After first only denying Mary Law's motion for summary judgment, the trial court then issued an "Amended Order" which corrected the prior order and granted summary judgment to Helen Law.

Mary Law now appeals from the grant of summary judgment to Helen Law and assigns as error the denial of her motion and the grant of summary judgment to Helen Law. *Held*:

1. Mary Law's entitlement to summary judgment turns initially on the validity of her designation as Clarence Law's beneficiary in 1973. If she is the valid beneficiary, she would be entitled to the proceeds. *Liles v. Russell*, 230 Ga. 686, 691 (198 SE2d 873).

We must note at the outset, however, that this is not the usual life insurance policy, but instead one for federal employees and is regulated by the laws of the United States and the regulations promulgated by the appropriate federal agencies implementing those laws. *Knowles v. Metro. Life Ins. Co.*, 514 FSupp. 515 (N.D. Ga. 1981). Of course, federal law and regulations preempt inconsistent state law. *Fidelity Fed. Savings &c. Assn. v. de la Cuesta*, 458 U. S. 141 (102 SC 3014, 3022, 73 LE2d 664); *Metropolitan Life Ins. Co. v. McShan*, 577 FSupp. 165, 166 (N.D. Cal. 1983).

In this instance, 5 USC § 8705 (a) prescribes the procedure for designating a FEGLI beneficiary and determines the order of payment: "The amount of group life insurance . . . insurance in force on an employee at the date of his death shall be paid, on the establishment of a valid claim . . . in the following order of precedence: First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office or, if insured because of receipt of annuity or of benefits under subchapter I of . . . this title . . . in the [proper federal office]. For this purpose, a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect."

This code section does not specify the number of persons required to witness a designation of beneficiary, nor does it contain any

provisions on erasures and alterations on the designation form. To the contrary, the section provides only that the designation be in writing, signed by the employee, witnessed, and received before the employee's death.

To appreciate fully the significance of the code provisions concerning "a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed," one must note that in 1966 Congress specifically amended the law to state that "a document not so executed and filed has no force or effect." Public Law 89-374; 80 STAT 78. This amendment was made specifically to clarify the intent of Congress that such documents must be properly executed, witnessed, and "properly received" in the appropriate office before the death of the insured. Senate Report No. 1064, 89th Congress, 2d Session, reprinted in 1966 Congressional & Administrative News, pp. 2070-2071. Further, the amendment was intended to prohibit documents not properly executed and filed from being given the effect of changing a beneficiary, as one federal court permitted before the section was changed. See generally *O'Neal v. Gonzalez*, 839 F2d 1437 (11th Cir. 1988).

Pursuant to the grant of authority by Congress, 5 USC § 8716(a), the federal agencies charged with administering the FEGLI program published regulations necessary to carry out the purposes of the law. These regulations have the force and effect of law. *Knowles v. Metro. Life Ins. Co.*, supra.

Before January 6, 1988, the applicable regulation, 5 Code of Federal Regulations, Part 870.901, stated no number of witnesses required to execute properly a designation of beneficiary. This regulation was changed on that date to require that there be two witnesses. 52 Federal Register, No. 234, pp. 46343-46344, December 7, 1987. There are also no provisions in the regulations concerning erasures or alterations on the designation form.

Considering the designation of beneficiary executed by Clarence Law in June 1973, in light of the law and regulation cited above, there is no doubt that it was properly executed. The laws and regulations in effect at that time required only that the form be executed by Mr. Law, that it be in writing, that it be witnessed, and that it be received in Mr. Law's employing office before his death. The June 1973 designation met all of those requirements. Further, the office administering the FEGLI has determined that this form was the only one properly executed and filed. Although Helen Law argues that Mr. Alley was a friend of Mary Law and was for that reason not a proper witness, there is no such disqualification, as to relationship in the law or regulations; and, any such relationship generally affords no basis for an allegation of impropriety, e.g., fraud in the witness, and specifically in this case. We note that the record reveals that Mr. Alley was also a

friend of Clarence Law and was his supervisor at work, and presumably carried out his intent to witness and no more. Thus, we find no basis in the record for any suggestion that Mr. Alley was not a proper witness. Further, the "primary reason for having a witness is to establish the intent of the insured and ensure that the act is voluntary." *O'Neal v. Gonzalez*, 653 FSupp. 719, 722 (S.D. Fla. 1987). As Mr. Law survived for almost ten years after the designation of Mary Law as his beneficiary, and four years after he married Helen Law, there can be little doubt that his act was voluntary and that Mary Law was his desired beneficiary.

In regard to the contention that the correction on the form somehow invalidated the designation, we find no authority supporting this argument, and as noted above, such a requirement exceeds the legal or regulatory requirements for a proper designation. Further, adoption of this contention would be to exalt form over substance as well as to misstate the requirements of the law.

Accordingly, we find that Mary Law was properly designated as the beneficiary of Clarence Law's FEGLI in June 1973, and would be entitled to summary judgment on this basis unless a different beneficiary was thereafter designated.

2. Helen Law argues, however, that notwithstanding the validity of the designation of Mary Law as beneficiary in 1973, she was the proper beneficiary at Clarence Law's death because he "had taken the steps he had deemed necessary in order to change the beneficiary on his annuity plan and his life insurance policy from his ex-wife Mary to his current wife Helen." As support for this proposition, she presented to the trial court what appears to be a slip of paper with various numbers and statements typed or written thereon. This slip appears to be attached to an insurance portfolio from an insurance company other than Metropolitan. Whatever these documents represent, it is obvious that even if submitted to the proper authorities now, they could not properly constitute a valid change of beneficiary under the applicable law and regulations. Further, the record establishes that the appropriate offices have searched their files and no change of beneficiary was received before or after Clarence Law's death designating Helen Law the beneficiary of his FEGLI. Under these circumstances we must conclude, as a matter of law, 5 USC § 8705 (a), that there has been no proper designation or change of beneficiary submitted, and that accordingly, Helen Law is not the beneficiary of this policy.

Accordingly, as Mary Law was the only proper beneficiary of the life insurance policy, we find that the trial court erred by denying her motion for summary judgment and by granting summary judgment to Helen Law. Accordingly, we must reverse the judgment of the trial court and remand the case with instruction that summary judgment

be entered in favor of Mary Law.

This result is consistent with the law of this state notwithstanding our necessary reliance on federal authorities. See *Maxwell v. Britt*, 171 Ga. App. 230, 231 (319 SE2d 88); *Belote v. Belote*, 167 Ga. App. 8, 9 (306 SE2d 24).

*Judgment reversed with direction that the trial court enter judgment for Mary Law. Deen, P. J., and Benham, J., concur.*

DECIDED JUNE 30, 1989 —
REHEARING DENIED JULY 18, 1989 —

*Hall, Bloch, Garland & Meyer, Benjamin M. Garland,* for appellant.

*Pamela M. Spencer, Austin J. Kemp II,* for appellee.