**Lou W. FAIRCLOTH, Administrator of the Estate of David C. Faircloth, Plaintiff,**

v.

**NORTHWESTERN NATIONAL LIFE INSURANCE COMPANY, et al., Defendants.**

No. C–1–91–578.

United States District Court, S.D. Ohio, W.D.

Aug. 27, 1992.

Steven Michael Runge, Franklin, Ohio, for plaintiff.

Dana Alan Stamps, West Carrollton, Ohio, for defendant James H. Faircloth.

Robert Bruce Snyder, Porter, Wright, Morris & Arthur, Dayton, Ohio, for defendant Cross Pointe Paper Corp.

Larry A. Temin, Strauss & Troy, Cincinnati, Ohio, for defendant Northwestern Nat. Life Insurance Co.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

SPIEGEL, District Judge.

The following matters are before the Court: the Defendant Northwestern National Life Insurance Company's ("NWNL") Motion for Summary Judgment (doc. 18), the Defendant James H. Faircloth's Motion for Summary Judgment (doc. 20), the Plaintiff's Motion for Summary Judgment (doc. 26), Defendant James H. Faircloth's Response to the Plaintiff's Motion for Summary Judgment (doc. 28), and Defendant NWNL Response to the Plaintiff's Motion for Summary Judgment (doc. 29).

## BACKGROUND

The facts in this case are undisputed by all parties. David C. Faircloth, the deceased, was married to Mary Lou Faircloth and had two children, Deanna C. Faircloth and David C. Faircloth, Jr. On February 18, 1988, the marriage of David C. Faircloth and Mary Lou Faircloth ended in divorce. At the time of divorce, both Faircloth children were minors.

Approximately three months after the divorce, David C. Faircloth executed a Group Enrollment Card for a life insurance policy. At that time, David C. Faircloth was living with Lou W. Ruark,[1] the Plaintiff. The Group Enrollment Card asked the name of the beneficiary, and separately asked the name of any dependents. On his Group Enrollment Card, David C. Faircloth listed his children and Lou W. Ruark as his dependents. On the Group Enrollment Card, where he was asked to name a beneficiary, David C. Faircloth wrote "Faircloth James H. Administrator." NWNL's Motion for Summary Judgment, ex. 2. James H. Faircloth is David C. Faircloth's brother. James H. Faircloth is not now, nor has he ever been named as the administrator of David C. Faircloth's estate.

David C. Faircloth died on January 25, 1991. NWNL paid David C. Faircloth's life insurance proceeds, totalling $15,000, to James H. Faircloth. Subsequently, Lou W. Faircloth, as administrator of David C. Faircloth's estate, sued NWNL for $15,000, claiming that she deserved David C. Faircloth's life insurance proceeds on behalf of his estate.

The issue before the Court is who is entitled to the proceeds from David C. Faircloth's life insurance policy, totalling $15,000.

## DISCUSSION

This Court must determine who David C. Faircloth intended to be his beneficiary. Lou W. Faircloth alleges that David C. Faircloth.

---

**1.** Lou W. Ruark later married David C. Faircloth and took his last name, becoming Lou W. Faircloth.

Faircloth intended the administrator of his estate to receive his life insurance proceeds. Thus, as administrator of David C. Faircloth's estate, Lou W. Faircloth argues that she is the proper beneficiary. On the other hand, NWNL and James H. Faircloth argue that David C. Faircloth intended James H. Faircloth to be the beneficiary of the life insurance policy.

We find that David C. Faircloth intended Lou W. Faircloth, as the administrator, to be the beneficiary. We base this finding upon several considerations. First, when asked to list his beneficiary, the first item that David C. Faircloth wrote was "Faircloth James H., Administrator." David C. Faircloth did not list "James H. Faircloth" to be the beneficiary without other comments. Similarly, David C. Faircloth did not list "my brother" to be his beneficiary. Instead, David C. Faircloth included the word "Administrator." David C. Faircloth must have intended James H. Faircloth to administer any life insurance proceeds for the benefit of his dependents, also listed on the insurance policy. Admittedly, James H. Faircloth has never been David C. Faircloth's administrator. However, David C. Faircloth, recently divorced, probably assumed that James H. Faircloth would act as administrator.

The Defendants point to the decision in *Cannon v. Hamilton*, 174 Ohio St. 268, 22 O.O.2d 331, 189 N.E.2d 152 (1963). In *Cannon*, the maker of a life insurance policy specified as his beneficiary "Addie Cannon, my wife." The Court held that Addie Cannon was the legitimate beneficiary of the insurance policy, even though the couple had divorced. The court reasoned that the presence of such designations were merely descriptive, and not determinative as to who is entitled to life insurance proceeds. *Id.; accord, Peeler v. Doster*, 627 S.W.2d 936 (Tenn.1982); *Banker's Life Ins. Co. of Neb. v. Eaton*, 430 A.2d 833 (Me.1981); *Liles v. Russell*, 230 Ga. 686, 198 S.E.2d 873 (Ga.1973); *New York Life Ins. Co. v. Estate of Hunt*, 150 N.J.Super. 271, 375 A.2d 672 (N.J.Super.Ct.), *cert. denied*, 75 N.J. 28, 379 A.2d 259 (1977); *Serv. Life Ins. Co. of Fort Worth v. Davis*, 466 S.W.2d 190 (Kan.Ct.App.1971) (subsequently superseded by statute).

The matter before the Court, however, is distinguishable from *Cannon* and these other cases. In the case at bar, "Faircloth James H., Administrator" is more than a description, it indicates the legal status in which James H. Faircloth was to be the administrator. David C. Faircloth expected that James H. Faircloth would administer the money on behalf of his dependents listed on the insurance form. *See* Ronald A. Anderson, *Couch Encyclopedia of Insurance Law* § 28.13, at 23 (2d ed. 1984) (an administrator receives money in a fiduciary capacity).

In *Cannon*, Addie Cannon was the wife of the maker of the insurance policy at the time she was named. Thus, Addie Cannon had an insurable interest which continued after her divorce, so that the words "my wife" did not change the legal capacity in which she received the insurance proceeds. Addie Cannon received the insurance proceeds directly.

Furthermore, David C. Faircloth's insurance policy was issued by his employer under the Employer Retirement Income Security Act ("ERISA"). *See* 29 U.S.C. § 1001 *et seq.* (1992). Congress designed ERISA in order to deal with issues involving rights and obligations under private welfare and pension plans. *Amato v. Bernard*, 618 F.2d 559 (9th Cir.1980). Thus, ERISA was social legislation to aid the employee and his family with employee benefit plans. Thus, in the case at bar, we find that because doubt exists over who David C. Faircloth intended to be the beneficiary, that doubt should be resolved in favor of our finding that David C. Faircloth intended James H. Faircloth to administer the insurance proceeds for the benefit of his dependents.

### CONCLUSION

We conclude that Lou W. Faircloth, as administrator was the proper beneficiary. Accordingly, the Plaintiff's Motion for Summary Judgment is granted.

SO ORDERED.