IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30502
_____

DAVID D. DUGGINS,

                              Plaintiff-Appellant,

                    v.

FLUOR DANIEL, INC.,

                              Defendant,

STACEY LYNN CARPENTER; MICHAEL LEE NEWSOM;
PATTY LYNN PUCKETT; CHARLES STEVEN NEWSOM,

                              Third Party Defendants-
                              Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
_____
June 29, 2000

Before JONES and BENAVIDES, Circuit Judges, and  COBB[*],  District
Judge.

BENAVIDES, Circuit Judge:

     Appellant David D. Duggins ("Duggins") appeals the district

court's ruling that decedent C. Fred Newsom ("Newsom") designated

Duggins the beneficiary of his ERISA plan in Duggins's capacity

as executor of Newsom's estate, rather than in Duggins's

individual capacity.  The parties agree as to all the pertinent

_____

     [*]    District Judge of the Eastern District of Texas,
sitting by designation.

facts.  Newsom had originally designated his daughter, Stacey Lynn Carpenter ("Carpenter"), with whom he had had a difficult relationship, as beneficiary, but in 1993, Newsom drew a line through her name and substituted Duggins as his beneficiary.  On the plan beneficiary designation form, two lines below the line for the beneficiary's name was a line that prompted Newsom to indicate his relationship to the beneficiary; here Newsom wrote "Attorney and Executor."  At the time of the designation, Duggins was not Newsom's executor.  However, by 1995, when Newsom died, he had executed a will naming Duggins both executor and beneficiary.  The only issue on appeal is whether Newsom named Duggins as his plan beneficiary in Duggins's individual or representative (as executor) capacity.

To answer this question, the district court applied Louisiana law.  This was in error.  ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."  29 U.S.C. § 1144(a).  A law "relates to" an employee benefit plan when the law has "a connection with or reference to such a plan."  Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96 (1983).  The law used to interpret the designation of a beneficiary under the plan clearly relates to the plan, and thus, ERISA preempts Louisiana law in this arena.  See Manning v. Hayes, — F.3d — (5th Cir. 2000), avaiable at 2000 WL 649952, *2 (5th Cir. (Tex.)) ("Almost every circuit court to consider the issue, including this one, has determined that a state law

2

governing the designation of an ERISA beneficiary 'relates to' the ERISA plan, and is therefore preempted."). However, a court need not even reach the issue of preemption where it can "resolve the validity of the [designation] without going beyond the terms of the plan itself." Nickel v. Estes, 122 F.3d 294, 298 (5th Cir. 1997); see also McMillan v. Parrott, 913 F.2d 310, 312 (6th Cir. 1990) ("If the designation on file controls, administrators and courts need look no further than the plan documents to determine the beneficiary[.]"), quoted with approval in Nickel, 122 F.3d at 298. Here, the plain language of the plan beneficiary designation form controls and no preemption analysis is necessary.

Newsom named Duggins as his beneficiary. His truthful response—on a separate line of the designation form asking about Newsom's relationship to the beneficiary—that Duggins was his attorney and executor in no way casts Duggins in the role of beneficiary in his representative capacity. The case Faircloth v. Northwestern Nat'l Life Ins. Co., 799 F. Supp. 815 (S.D. Ohio 1992), illustrates this point. In that case, the decedent, David Faircloth, designated his beneficiary as "Faircloth James H. Administrator." James Faircloth was the decedent's brother. Because the term "Administrator" was included on the same line as the beneficiary's name, and not in the portion of the form indicating the decedent's relationship to the beneficiary, the court found that the decedent named James Faircloth in his

3

representative capacity.  Here, of course, Newsom did not indicate that his beneficiary was "David D. Duggins, Executor," but rather, merely named "David D. Duggins."

This case is no different than it would have been had Newsom indicated that his relationship with Carpenter was "Daughter and Executor."  In that situation, Carpenter would still be a beneficiary in her individual capacity.  The difference, of course, is that Newsom has, by his choice of beneficiary, forsworn his child in favor of his attorney of some thirty-odd years.  While some courts may find such conduct disfavored, Newsom has every entitlement to dispose of his assets in accordance with his wishes, and the plain language of the plan beneficiary designation form indicates pellucidly that he chose Duggins, in Duggins's individual capacity, as beneficiary.  We therefore reverse and remand for entry of judgment in Duggins's favor.

REVERSED