**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0318-18T4

IN THE MATTER OF THE
TRUST UNDER THE WILL
OF FRANCES T. SHAW AND
THE SHAW FAMILY TRUST,
DATED DECEMBER 21, 1995.

_____

Argued October 3, 2019 – Decided October 24, 2019

Before Judges Fuentes, Mayer and Enright.

On appeal from the Superior Court of New Jersey, Chancery Division, Camden County, Docket No. CP-0184-2017.

Janice S. Countess, appellant, argued the cause pro se.

Thomas A. Whelihan argued the cause for respondent Carolyn F. Shaw.

PER CURIAM

Defendant Janice Countess appeals from a July 25, 2018 Chancery Division order granting summary judgment to plaintiff Carolyn Shaw. That same order granted plaintiff a judgment totaling $36,961.50. We affirm.

The parties are sisters. In 1995, their parents, Frances and Larnie Shaw, prepared a number of estate planning documents. One of the documents was a testamentary trust created for the benefit of the parties and their sister, Shirley.[1] This trust, created by Frances was called the "Frances T. Shaw Trust," but it also was known as "Credit Shelter Trust." Janice and Larnie were designated as co-trustees of the Credit Shelter Trust.

According to the terms of the Credit Shelter Trust, if Larnie predeceased his daughters, the trust principal and accrued income were to be divided equally among Carolyn, Janice and Shirley. However, Carolyn's one-third share was to be distributed to a second trust, known as the "Shaw Family Trust." Carolyn was the sole beneficiary of the Shaw Family Trust. Larnie was named as primary trustee of this second trust, and Janice was designated as successor trustee.

In 2004, Larnie and his three daughters executed a family agreement whereby all parties agreed that Carolyn would receive her inheritance outright upon Larnie's death. Frances predeceased the formation of the 2004 agreement.

Consistent with the terms of the 2004 agreement, in 2005, Larnie signed and submitted paperwork to Northwestern Mutual Insurance Company to

---

[1] We refer to members of the Shaw family by their first names for the sake of clarity. We intend no disrespect by this practice.

A-0318-18T4

designate Carolyn as the sole and direct beneficiary of his life insurance policy. In 2007, he and his daughters reconvened to execute a supplemental family agreement, which terminated the Credit Shelter Trust, and distributed all its accrued interest and assets to Larnie.

The record demonstrates that less than two months after Larnie's death in 2016, Janice removed Carolyn as sole beneficiary on the Northwestern Mutual policy and designated the Frances T. Shaw Trust as the new beneficiary. Janice represented she was sole trustee of this trust, even though it had been terminated by family agreement.

In February 2017, Northwestern Mutual complied with Janice's request and paid the insurance policy proceeds, totaling $136,451.97, to the trust. These monies were deposited into a TD Bank account controlled exclusively by Janice. Only $99,490.47 remained in this account as of November 2017.

When Carolyn learned Janice had diverted these insurance proceeds she requested that Janice turn over these monies to her. Janice refused, so Carolyn filed a complaint and Order to Show Cause to recoup the diverted proceeds. Following a hearing, Judge Nan S. Famular enjoined Janice from dissipating the insurance proceeds and required her to provide an accounting of these funds.

A-0318-18T4

The judge also directed Northwestern Mutual to produce copies of any and all documents related to the insurance policy.

Northwestern Mutual complied with this order and Carolyn's counsel produced the pertinent insurance documents at a subsequent case management conference. As a result of that conference, Judge Famular ordered Janice to turn over a check for the remaining insurance proceeds to Carolyn's counsel, so the proceeds could be held in trust. Because Janice had not yet accounted for the missing insurance proceeds, Judge Famular again ordered Janice to account for all expenditures from the TD Bank account. No such accounting was produced. Accordingly, by order dated May 8, 2018, the court authorized Carolyn's counsel to release the remaining funds directly to Carolyn.

Carolyn moved for summary judgment arguing that the documents produced by Northwestern Mutual clearly established Janice removed Carolyn as the sole beneficiary of Larnie's insurance policy approximately two months after Larnie's death. Carolyn further contended Janice wrongfully diverted these funds to the Frances T. Shaw Trust, despite knowing that trust had been terminated. Moreover, Carolyn claimed the Northwestern Mutual documents substantiated Janice's receipt of the policy proceeds.

A-0318-18T4

Judge Famular concluded Janice failed to produce any proofs to rebut Carolyn's assertions. The judge noted that Janice "talk[ed] about the errors that are contained in [plaintiff's] certification. The things that she challenges are unimportant . . . . She doesn't quite directly address why she changed . . . the beneficiary designation on the Northwestern policy . . . ." Finding the beneficiary designation should never have been changed and there were no material facts at issue, Judge Famular granted summary judgment to Carolyn and entered judgment against Janice in the amount of $36,961.50.

We review a ruling on a summary judgment motion de novo, applying the same standard governing the trial court. Conley v. Guerrero, 228 N.J. 339, 346 (2017) (citing Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016)). Hence, we consider, as the motion judge did, "'whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party.'" Holmes v. Jersey City Police Dep't, 449 N.J. Super. 600, 602-03 (App. Div. 2017) (citation omitted).

A party opposing summary judgment does not create a genuine issue of fact simply by offering a sworn statement. Carroll v. N.J. Transit, 366 N.J.

Super. 380, 388 (App. Div. 2004). "'[C]onclusory and self-serving assertions' in certifications without explanatory or supporting facts will not defeat a meritorious motion for summary judgment." Hoffman v. Asseenontv.com, Inc., 404 N.J. Super. 415, 425-26 (App. Div. 2009).

What is required of a party opposing summary judgment is affirmative evidence that is competent, credible, and shows that there is a genuine issue of material fact in dispute that must be resolved by the factfinder at trial. R. 4:46-2(c). Summary judgment will not be precluded by self-serving statements, Heyert v. Taddese, 431 N.J. Super. 388, 413-14 (App. Div. 2013), or disputed facts "of an insubstantial nature." Miller v. Bank of Am. Home Loan Servicing, LP, 439 N.J. Super. 540, 547 (App. Div. 2015) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995)). Applying these standards, we discern no reason to disturb the summary judgment ruling of Judge Famular.

It is well established that life insurance proceeds are to be paid to a beneficiary, based on contract principles. Such proceeds are considered non-probate assets, so they are not part of an individual's estate. Edgardo Vasconi v. Guardian Life Ins. Co., 124 N.J. 338, 344 (1991). A "designated beneficiary of a life insurance policy has a vested right to the insurance proceeds payable in the event [s]he survives the insured subject to divestment only if the insured

changes the beneficiary in the manner provided by the policy." Prudential Ins. Co. of Am. v. Prashker, 201 N.J. Super. 553, 557 (App. Div. 1985) (citation omitted). Further, the "failure of an insured to change the beneficiary [of a life insurance policy] is indicative of an intent not to effect a change." Gerhard v. Travelers Ins. Co., 107 N.J. Super. 414, 425 (N.J. Ch. 1969).

Here, it is uncontroverted that Larnie designated Carolyn as the beneficiary of the Northwestern Mutual policy in 2005. That beneficiary designation remained intact until Larnie died. Janice only received the Northwestern Mutual proceeds because she removed Carolyn as the designated beneficiary of this policy shortly after Larnie's death. Janice then admitted to spending $36,961.50 of these proceeds before she was enjoined from further dissipation of the policy sum. Janice never accounted for her expenditures.

We are satisfied Judge Famular carefully considered the evidential materials in the light most favorable to Janice, before concluding there was no evidence to permit a finding other than that Janice had misappropriated a portion of the Northwestern Mutual life insurance proceeds. Having considered the same evidential materials and the law pertaining to defendant's arguments, we affirm substantially for the reasons Judge Famular stated in her opinion.

To the extent defendant raises issues which were not raised below, we decline to address those issues. Appellate courts will not consider issues that are not raised at the trial level when given an opportunity to do so, "unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest." Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 235 (1973) (citing Reynolds Offset Co., Inc. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)). We are satisfied the issues Janice neglected to address before Judge Famular do not implicate jurisdictional issues or matters of great public interest.

Any remaining arguments advanced by Janice lack sufficient merit to warrant additional discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION